WASHINGTON SAVAGE *et al.* v. F. A. DINKLER.

(Filed February 6, 1903.)

**1. PETITION—Attorney's Fee—Demurrer.** Where a petition states a good cause of action for debt and foreclosure of mechanic's lien, and, in addition thereto seeks to recover $40 attorney's fees: **Held,** that although plaintiff is not entitled to recover an attorney's fee, yet the allegation and prayer therefor does not render the petition so defective that the matter may be reached by general demurrer to the whole petition.

**2. MOTION TO SET ASIDE JUDGMENT—Not Error to Ovrrrule, When.** It is not error for a trial court to overrule a motion to set aside a judgment on the ground that the defendant was taken by surprise because court convened at 9 o'clock a. m. instead of at 9:30, as his attorneys understood the time to be.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before Clinton F. Irwin, Trial Judge.*

*G. W. Baker* and *W. W. Noffsinger,* for plaintiffs in error.

*Stevens & Miller,* for defendant in error.

STATEMENT OF FACTS.

This was an action commenced in the court below by the defendant in error against the plaintiffs in error, The Aetna Building and Loan association, and W. C. Ball and S. Hall, partners as Ball & Hall. The action was one to foreclose a mechanic's lien. The defendant, Savage, was the owner of lot 22 in block 36 of Thompson's addition to the town of Hennessey, Kingfisher county. The defendants, Ball & Hall,

under a contract with Savage had painted the building on the lot described, and the defendant in error had furnished the material therefor, under a sub-contract with the defendants Ball & Hall. The defendant, Savage, was the only defendant that appeared in the action. He first filed a demurrer to the petition, which was overruled. Next he filed an answer to which the plaintiff demurred. Thereafter the demurrer was withdrawn. On the 17th day of April, 1902, the cause came on regularly for trial, after the plaintiff had withdrawn his demurrer. The defendants were called, but failed to appear. Evidence was introduced, and a judgment was rendered in favor of the plaintiff against Ball & Hall personally for the sum of $71.44, the amount of the debt, together with $3.50 costs, and $40 attorney's fee, and against Savage and wife, and foreclosing the mechanic's lien. On the next day the defendant, Washington Savage, filed his motion to set aside the judgment, for reasons therein stated. This motion was overruled by the court. The case comes to this court upon what is termed a transcript of the record, but what is really nothing more than certified copies of certain papers belonging to the files of the case, there being no certificate of the clerk that such papers constitute a full transcript of the record. Affirmed.

Opinion of the court by

PANCOAST, J.: We are met at the outset with a motion to dismiss this case, because the plaintiff in error has failed to include necessary parties in taking his appeal. Washington Savage and his wife are the plaintiffs in error. The only other party to the action is F. A. Dinkler, the defendant in error, who was the plaintiff below. The judgment against

Savage and his wife was a judgment *in rem,* holding the mechanic's lien valid, and ordering a sale of the property. The judgment against the defendants, Ball & Hall, was a judgment *in personam,* for the amount of the debt and attorney's fees. The judgment against the Aetna Building and Loan association was to the effect of holding that the mechanic's lien was prior to the lien which it held. So that the rights and interests of the other defendants would probably, in no event, be affected by an adjudication between the plaintiffs in error and the defendant in error. For that reason, and following the rule laid down in the case of *Humphrey v. Hunt,* 9 Okla. 196, we think the other defendants in the action are not necessary parties in this court.

Reaching the case, then, upon the merits, the first error assigned is that the petition does not state a cause of action, and that the trial court erred in overruling the demurrer of Washington Savage to the petition. We can see no defect in the petition. The plaintiff in error seems to think that by the allegations of the petition the plaintiff is seeking to obtain a personal judgment against the owner of the property. This is not correct. The petition only prays for a personal judgment against the contractors, Ball & Hall, and no personal judgment is either sought or rendered against Savage.

It is urged that the court should have sustained the demurrer, because the petition contained an allegation of, and sought to recover, the sum of fifty dollars as attorneys fees. This question cannot be reached by general demurrer to the petition. If the petition stated a cause of action, which it certainly did, the fact that a greater amount was prayed for than the plaintiff was entitled to could not be reached by a

general demurrer that the petition did not state facts sufficient to constitute a cause of action.

The next error assigned is that the court erred in trying the case before the demurrer of the plaintiffs below to the answer of the defendants was heard and disposed of. A copy of the journal entry contained in the record shows that the demurrer was withdrawn, and that the judgment was had upon default, testimony, however, having been introduced by the plaintiff. We can see no error in this. It simply shows that the defendant, Savage, was not looking after his case with that diligence necessary to the preservation of his rights; and where a person, through his own negligence, allows a case to be called and tried in his absence, the appellate court will not search the record for technicalities upon which to base a reversal of the judgment.

The only assignment of error that has any real merit in it whatever, is that the court erred in entering judgment for forty dollars attorneys fees, when the statute provides that attorneys fees can only be had in cases where the action is brought by an artisan or day laborer to enforce the lien. (Section 4535, Statutes 1893.) This error is shown by the judgment roll. It being set out in the petition, and the journal entry showing upon its face the judgment as rendered for forty dollars attorneys fees, this question is one which is in the record. This court is of the opinion that the court below erred in rendering judgment for attorney's fees, and that the judgment should be modified to that extent. It is therefore ordered that the judgment be modified, and that that part of the judgment providing for forty dollars attorney's fees be annulled and set aside. The judgment in all other

respects is affirmed, and allowed to remain as the judgment of the trial court.

Irwin, J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring.