**TRACY et al. v. STATE ex rel. FANCHER, Co. Atty.**

No. 7261—Opinion Filed July 25, 1916.

(159 Pac. 496.)

**1. Judgment—Vacating—Grounds.**

It is not a sufficient ground upon which to vacate a judgment, that neither defendant nor his attorney of record was notified of the time that the case was set for trial.

**2. Same—Pleading—Conclusion of Law.**

It is a condition precedent to entitle one to have the judgment vacated that the party applying therefor must, if the defendant, set up in such motion or petition a valid defense against the judgment rendered, and in a motion or petition which seeks to vacate a judgment an averment that the defendant has a good defense as shown by his answer on file in the cause without making such answer a part of the motion or petition, being a mere conclusion of the pleader, is not sufficient.

**3. Appeal and Error—Presentation of Objections.**

Where an exception is not taken to the action of a court in refusing to quash service of summons, this court will not review such action of the court.

**4. Appearance—Filing Answer.**

Where a motion to quash the service of a summons is overruled and not excepted to, and afterwards the movant applies for leave to, and files an answer in the cause, the service of summons is waived, and the movant is properly in court.

(Syllabus by Collier, C.)

Error from District Court. Hughes County; Geo. C. Crump, Judge.

Action by the State, on relation of Tom H. Fancher, County Attorney of Hughes County, against W. E. Tracy and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. N. Lewis, for plaintiffs in error.

Tom H. Fancher, Co. Atty. of Hughes county, and G. R. Stirman, for defendant in error.

Opinion by COLLIER, C. This is an action by the defendant in error against plaintiffs in error to recover upon a forfeited bond. The parties hereafter will be designated as they were in the trial court.

In the brief of plaintiff in error it is said:

"It is not intended that this cause should be reversed as to any other of the plaintiffs in error except as to Mat Wolf. Hence the only question involved in this appeal is as to the legality of the judgment rendered against said Mat Wolf, one of the defendants in the court below. Summons was issued to Mat Wolf, which was subsequently quashed, and an alias summons was ordered to and did

issue, was served, and the return of said alias summons was made by 'M. S. Rollins, Sheriff, H. L. Eubank, Deputy.' "

Attorney for Mat Wolf appeared especially and for no other purpose than that of the motion, and moved to quash the service upon the grounds that H. L. Eubank was not and never had been a deputy sheriff. Upon the hearing of said motion, conclusive evidence was offered that said Eubank was not and never had been a deputy sheriff.

The record in regard to the action of the court on the motion to quash the service is very indefinite, and it is difficult to determine from it whether the motion to quash was sustained or not. Thereafter the said Mat Wolf obtained leave to, and filed an answer. Subsequently judgment by default was entered against the plaintiffs in error, and motion was made by Mat Wolf, one of the plaintiffs in error. to vacate and set aside such judgment. which motion, omitting the caption, is as follows:

"Comes now Mat Wolf, one of the defendants in the above entitled and numbered cause, and respectfully moves the court to vacate, set aside and hold for naught the judgment rendered in this cause on the 11th day of November. 1914, for the following good and sufficient reasons, to wit:

"For mistake, neglect, and omission of the clerk and irregularity in obtaining the judgment. ·

"Affiant states that on October 28, 1914, or by that time, he was ordered by this court to file his answer in said cause, and that on October 27, 1914, his verified answer in this cause was mailed to Davis, Okla., with postage prepaid directed to the clerk of the district court of said Hughes county, at Holdenville, Okla., and that this defendant did not receive any notice of the setting of the cause on the trial docket, or any notice of said cause being heard on said November 11, 1914, as shown by his affidavit attached hereto, and by affidavit of W. N. Lewis, his attorney of record in this cause, also attached hereto, and this defendant did not know that judgment was rendered against him in said cause until this date, December 16, 1914.

"This affiant says he has a valid defense to said suit as shown by his verified answer filed in said cause."

Said plaintiff in error did not make said verified answer filed in said cause a part of his motion.

On the hearing of the motion the uncontradicted evidence was: That said defendant and his attorney did not have any notice that said cause had been placed on the trial docket of said court for the November, 1914, term of said court, and that neither the attorney of Mat Wolf nor Mat Wolf received any notice of said case being set for the Novem-

ber, 1914, term of court. The court over-ruled the motion to vacate the judgment, to which Mat Wolf duly excepted, and brings error to this court.

The specifications of error are as follows:

"As stated before, it is not contended that any error has been committed except as to plaintiff in error, Mat Wolf. Two errors are complained of as to him, to wit:

"(1) The court erred in overruling motion of plaintiff in error, Mat Wolf, to quash the service as to him.

"(2) The court erred in overruling motion of plaintiff in error, Mat Wolf, to vacate and set aside the judgment rendered by default against him."

As previously stated, it is difficult to determine, in the state of the record, what action was had by the court upon the motion to quash the service of alias summons issued to the plaintiff in error. If the court overruled the motion to quash said service of said alias summons to Mat Wolf, the record does not disclose that any exception was reserved to said action of the court. If the court sustained said motion to quash said service as to said alias summons, the record showing that thereafter said Mat Wolf appeared and filed an answer in the cause, such appearance was a waiver of summons, and there is, therefore, no merit whatever in the first assignment of error.

An order of court vacating or refusing to vacate an order of judgment rests much in the discretion of the court, and will not be disturbed on appeal unless plainly erroneous. Wood v. Steil, 27 Okla. 595, 112 Pac. 1004.

The only ground upon which the motion to vacate the judgment is predicated is that neither Mat Wolf nor his attorney had notice of the setting of the case for trial, which, in our opinion, is not a sufficient ground upon which to vacate the judgment rendered.

In Stout v. Calver, 6 Mo., 254, 35 Am. Dec. 438, the motion for a new trial was based upon the theory of surprise by the cause coming on sooner than defendant expected. In said case the court says:

"If new trials be granted for such reasons as this, trial becomes a farce, and consequently all proceedings to obtain a judgment will be mere nullities."

In Seifert et al. v. Holt, 82 Ga. 757, 9 S. E. 843, it is held:

"Defendants, against whom a judgment is rendered in their absence, cannot have it set aside because of such absence, where they have shown no diligence in ascertaining when the case was set for trial."

In Union Brewing Co. v. Cooper, 15 Colo. App. 65, 60 Pac. 946. it is held:

"A court may set a cause for trial solely on its own motion, and without notice to the parties; there being no statutory provision governing such action."

See, also, Bigsby et al. v. Eppstein, 39 Okla. 466, 135 Pac. 934; Savage et al. v. Dinkler, 12 Okla. 463, 72 Pac. 366.

There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent, and ascertain when his case is set for trial.

That there is a valid defense to the action is a condition precedent to the vacating of a judgment. The statement in the petition that the answer filed in the case discloses a valid defense, said answer not being made a part of said motion, is a mere conclusion of the pleader. However, we have examined the answer of said Mat Wolf, and are of the opinion that the answer does not disclose any valid defense.

Again, it is admitted in the brief of the attorney for Mat Wolf that there is no merit in the first and second grounds set up in said motion for the vacation of said judgment. This leaves for consideration only the third ground stated in the motion for vacating said judgment. We think that the third ground is not of more merit than the first and second grounds of said motion, and that the court did not commit prejudicial error in overruling said motion to vacate the judgment.

This cause should be affirmed.

By the Court: It is so ordered.