## PULASKI OIL CO. v. CONNER.

No. 7840—Opinion Filed Nov. 21, 1916.

Rehearing Denied Jan. 22, 1917.

(162 Pac. 464.)

**1. Judgment — Default — Vacation — Negligence.**

Where a party, or his counsel, writes letters to the clerk of a court inquiring about the status of his pending cause, which are not answered, and allows nearly two months to elapse thereafter without further inquiry or other steps to learn progress of the case, and a default judgment results from the failure of such party to attend to his rights in the litigation, in a motion to vacate the judgment such party may not predicate his own neglect of the cause upon the neglect of the clerk; and under such circumstances a motion to vacate the judgment upon the ground of the mistake, neglect, or omission of the clerk is properly overruled.

**2. Jury—Jury Trial—Default—Vacation.**

Where a defendant is in default, and the case is set for trial upon the default at a nonjury term of court, and the case comes on regularly for trial, plaintiff not demanding a jury trial and defendant not being present, the case is properly tried to the court without a jury; and the setting of such cause at a nonjury term and such trial are not grounds upon which such judgment should be vacated.

**3. Judgment—Default—Attack.**

Where a judgment by default is had upon a petition for damages by an oil and gas lessee to the surface rights of land, and the petition alleges that plaintiff is the sole owner of the land, and nothing in the record, aside from the motion to vacate the judgment, discloses that plaintiff is not such sole owner, and the evidence is not in the record, such ownership is one of the issuable allegations of fact in the petition, and, in the absence of fraud, will be presumed to have been proven on the trial, and under these circumstances

a motion to vacate such default judgment upon the ground of defect of parties is properly overruled.

**4. Oil and Gas—Leases—Rights of Lessee—Action—Pleading.**

In the absence of contrary expressions in the lease, a lessee in an oil and gas lease has only such rights to the surface of the leased land as may be necessarily incident to the exercise of his rights under the lease, and must protect the surface rights in so far as such incident necessity does not exist. Petition alleging negligent injury to surface rights by such a lessee examined, and held to sufficiently state a cause of action to support a judgment by default.

(Syllabus by Johnson, C.)

Error from County Court, Pawnee County; G. E. Merritt, Judge.

Action by David Connor against the Pulaski Oil Company, a corporation, in which default judgment was rendered for plaintiff. Its motion to vacate the default being overruled, defendant brings error. Affirmed.

George T. Brown, for plaintiff in error.

Goodwin & Smith, for defendant in error.

Opinion by JOHNSON, C. This is an appeal from an order of the county court of Pawnee county overruling a motion to vacate a default judgment.

David Conner sued the Pulaski Oil Company in the said county court to recover damages to surface rights of land arising from negligent operations under an oil and gas lease. Upon November 12, 1914, and before answer day, defendant filed its motion to quash service of summons. Upon February 23, 1915, pursuant to regular setting of motions in said court, the court heard and overruled the motion to quash, in the absence of defendant, and allowed defendant ten days to plead. On May 3, 1915, the case coming on for trial, and defendant not having filed any pleading, and not appearing, the evidence of plaintiff was heard, and judgment by default was rendered in favor of plaintiff and against defendant. Thereafter, on May 15, 1915, defendant filed its verified motion to vacate the default judgment, alleging: (1) That the default judgment occurred as the result of the mistake, neglect, and omission of the clerk of the court; (2) that the court erred in setting the case for trial at a time when no jury was to be had; (3) that there was a defect of parties plaintiff in the petition; and (4) that the petition did not state a cause of action. The county court overruled the motion to vacate, without taking

evidence, upon the ground that the motion did not set up facts sufficient to entitle defendant to the relief sought.

As tending to show that the default was occasioned by the mistake, neglect, and omission of the clerk, and not by the fault of the defendant, the motion set forth: That the case was pending in the Cleveland division of the county court of Pawnee county; that counsel for defendant resided in the city of Tulsa, Okla., the principal place of business of defendant being in the said city of Tulsa; that counsel for defendant made inquiry of certain members of the bar of said county court, and was advised by them that the Cleveland division of the court did not transact a great deal of business, only convened two or three times a year, had only held two or three jury terms during the time of its existence, and that the times and terms of the court were largely determined and regulated by the members of the bar of Pawnee county acting in conjunction with the county judge; that counsel for defendant had certain correspondence with the clerk of the court, in an endeavor to keep in touch with the progress of the case; that, after the service of the summons, counsel wrote two letters to the clerk asking for a copy of the petition, and received no reply until after the filing of his motion to quash, when he received a letter from the clerk, under date of November 13, 1914, apologizing for negligence in replying to the letters of counsel, and stating that he would be more prompt next time; that, after the filing of the motion to quash, viz., on January 7, 1915, February 24, 1915, and March 10, 1915, counsel wrote to the clerk of the court letters, which are set up in the motion to vacate the judgment, requesting that the clerk inform counsel when the motion to quash would be set for hearing, and whether notice would be given counsel; that these letters contained the return address of counsel, and were not returned, but that the clerk did not reply to any of them. Plaintiff in error contends that by these letters counsel for defendant exercised due diligence in attempting to attend to the progress of the case; that the order overruling the motion to quash and allowing ten days to plead was entered on February 23, 1914; that, if the court clerk had replied to his letters of February 24th or March 10th, counsel would have been advised of the action of the court in overruling his motion to quash in time to have protected the interests of his client; that it was the duty of the clerk to have replied to these letters; and

that counsel was not negligent in relying upon a performance of that duty.

The argument of plaintiff in error overlooks the fact that the default judgment was not entered until May 3, 1915, more than two months after the overruling of the motion to quash, and very nearly two months after his last letter of inquiry to the clerk. In its decision this court has recognized the right of nonresident parties and attorneys to use the United States mails in forwarding pleadings and in obtaining information as to the status of cases pending in the courts, and has held miscarriage of correspondence in the mails to have been unavoidable casualty, warranting an extension of the right to plead and the vacating of judgments under the peculiar circumstances of the cases decided; and plaintiff in error relies upon such decisions. These precedents are not applicable to the circumstances of this case. Neither unavoidable casualty nor miscarriage of the letters is in issue; and nearly two months elapsed between the mailing of the last letter and the adverse default adjudication. The clerk of the court was undoubtedly negligent in not replying to counsel's letters; and, if the default judgment had followed this neglect, the duty of this court in this case might have been different. However, after the overruling of his motion to quash and after the last letter of counsel to the clerk, two months passed without any other effort upon the part of counsel to follow up the case. Counsel did not reside far distant from the town of Cleveland. After the lapse of a reasonable time for the receipt of a reply to his letter, it was his duty to have taken other steps to follow the matter up and ascertain the status of his case. Plaintiff in error cannot rely upon the uncertainty of the time of the holding of court at Cleveland; for this indefiniteness gave rise to a necessity of the exercise by a party of greater diligence to ascertain when court might convene.

In the case of Tracy et al. v. State ex rel. Francher, 60 Okla. 109, 159 Pac. 496, this court said:

"There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent, and ascertain when his case is set for trial."

The brief of plaintiff in error recognizes that it is not the duty of court clerks to volunteer information of the status of pending cases, but contends that the clerk is bound to respond to inquiries, and cites cases from this court tending to sustain that view. Be this as it may, the breach of duty upon the part of the clerk was not the proximate cause of the default in this case. The neglect of the clerk became patent to counsel and a matter of history in the cause prior to the adverse result. It was a situation in which counsel should have felt such uneasiness as would have prompted him to have gone or telephoned to Cleveland, or to have taken other steps to keep in touch with his case; and there was an abundance of time within which to have done so. Regardless of the duty of the clerk in such matters, we are constrained to hold that a party may not shift to the clerk the entire responsibility of attending the progress of his cause. The lower court did not err in holding that the facts alleged in the motion to vacate the judgment did not show diligence in the defense; and, there having been an absence of such diligence, the lower court properly refused to vacate the judgment. Tracy et al. v. State, supra: Bigsby et al. v. Eppstein, 39 Okla. 466, 135 Pac. 934; Savage v. Dinkler, 12 Okla. 463, 72 Pac. 366.

For the benefit of counsel, we desire to say that, while we feel that the integrity of our judicial procedure demands the strict interpretation we have given to his failure to pursue the case beyond his letters to the clerk, the oversight might occur to any other busy attorney. Counsel has the sympathy of the writer in the matter, and yet we are bound to impute negligence to the oversight, and the individual litigant must suffer the result of it, rather than that there be laid down a rule so broad as to deprive all default adjudication of any strength. The danger of default is the only guaranty of punctuality in litigants and orderliness in court procedure; and anything less than strictness in the rule of this court in vacating such judgments would undermine trial procedure, and be subversive of public policy.

Plaintiff in error contends that the lower court should not have set the case for trial at a trial term for which a jury was not drawn. The case was in default, no jury was necessary to try the default, the plaintiff not demanding a jury, and the defendant not being present to demand or use a jury, and this contention is not tenable. Farmers' & Merchants' Ins. Co. v. Cuff, 29 Okla. 106, 116 Pac. 435, 35 L. R. A. (N. S.) 892.

It is contended that there was a defect of parties plaintiff, in that the plaintiff was not the sole owner of the land alleged to have been damaged; that the judgment is not binding upon other owners not made par-

ties plaintiff; and that the judgment should have been vacated for this reason. This condition was not disclosed by the pleadings, and not shown by the record, aside from the allegation in the motion to vacate the judgment. The petition alleged that plaintiff was the sole owner. The evidence is not in the record. This was one of the issuable facts with reference to which the default was made; and in the absence of fraud, and nothing appearing to the contrary, the presumption is that it was proven upon the trial.

Plaintiff in error further contends that the judgment is void for the reason that the petition did not state a cause of action, and bases its argument of this assignment upon the ground that the oil and gas lease under which plaintiff in error was operating did not contain any covenant specifically providing that lessee should be liable for damages to crops, fruit trees, or other surface rights of the landowner. The brief cites authorities holding that, in the absence of a specific covenant in an oil and gas or mining lease making lessee liable for damages to growing crops and other surface rights, the lease operator is not liable for such damages as are necessarily incident to the operations authorized by the lease contract; and the answer of defendant tendered with the motion to vacate alleges that the damages for which recovery was sought in this case were necessarily incident to the operations under the lease. The latter allegation was a matter of affirmative defense. The petition of plaintiff did not seek to recover for specifically contracted damages, but alleged that the damages arose from the negligence of defendant in its operations. While an oil and gas lease carries within its implications, if not within its expression, such rights as to the surface as may be necessarily incident to performance of the objects of the contract, yet it is well settled that the implications go no further, and that the holder of a mining or oil and gas lease must protect the surface of the ground in so far as such incident necessity does not exist. Gulf Pipe Line Co. et al. v. Pawnee-Tulsa Petroleum Co., 34 Okla. 775, 127 Pac. 252, 41 L. R. A. (N. S.) 1108; 27 Cyc. 784.

It follows that a negligent failure to perform this duty will give rise to liability for resulting damages, and that the petition sufficiently stated a cause of action to support the judgment.

The order of the lower court overruling the motion to vacate the judgment should be affirmed.

By the Court: It is so ordered.