## NORTH v. HOOKER.

No. 9317—Opinion Filed April 9, 1918.

(172 Pac. 77.)

(Syllabus.)

1. **Judgment — Vacation or Modification During Term.**

It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may be set aside, vacated, or modified by the court.

2. **Appeal and Error — Review — Abuse of Discretion.**

Where it does not clearly appear that the court below abused its discretion, its action in relation to such motion will not be disturbed on appeal.

3. **Trial—Duty of Court to Call Counsel.**

When a cause is regularly set for trial, it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order, where no postponement of the case has been taken, and no leave to be absent has been granted to the parties or their counsel.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action between E. N. North and W. S. Hooker. There was a judgment for the latter, and the former brings error. Affirmed.

A. A. Small, for plaintiff in error.

Davidson & Williams, for defendant in error.

KANE, J. The only question for review presented by the record before us is the action of the trial court in overruling a motion to reinstate the judgment by default rendered against the plaintiff in error herein. This motion was heard upon affidavits and oral evidence, and after overruling the same

a motion for new trial was filed and overruled. As the motion for new trial was not properly allowable under our practice, any question sought to be presented thereby will be laid out of the case and not considered. Powell et al. v. Nichols et al., 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886; Chivers v. Board of Com'rs of Johnston County, 62 Okla. 2, 161 Pac. 822, L. R. A. 1917B, 1296.

The motion to reinstate upon its face stated no specific grounds for setting aside the judgment rendered for want of prosecution, but from the affidavits and oral evidence adduced in support thereof, we gather, the motion is not based upon any statutory ground, but merely invokes the inherent discretionary power of the trial court over its own judgments during the term at which they are rendered. Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851. The affidavit of counsel for movant states, in effect, that the cause was set for trial for the 13th day of May, 1917, before Judge McNeill, one of the trial judges of the district court sitting in and for Tulsa county; that on said date Judge McNeill, finding it impracticable to try the cause, ordered it set for trial before Judge Linn, another of the judges of said county, on the following day; that affiant was not aware that said cause had been set for trial for the 13th of May, nor that it had been transferred to Judge Linn to be tried on the following day. It further appears that the cause was regularly called for trial by Judge Linn at 9 o'clock a. m. of the day on which it was set for trial before him, and that neither plaintiff nor his counsel being present, the plaintiff and his attorney of record and his assistant counsel were called in open court three times to appear and prosecute said cause, and came not. At this point counsel for defendant in error, who was present and ready for trial, endeavored to find counsel for plaintiff by telephoning his office and to his residence without avail. There was other evidence to the effect that the attorney of record for the movant had actual notice of the setting of the cause for about ten days before the date of trial, and that associate counsel, Mr. Small, who had active control of the case, but who did not appear as counsel of record, for the reason that he had not been admitted to the bar, was informed by the deputy court clerk twenty minutes before the case was dismissed that the same was on call for trial before Judge Linn, and that Mr. Small, who was in the courtroom of Judge McNeill across the hall from Judge Linn's court, answered that he would not appear before Judge Linn, and that upon

this information being conveyed to Judge Linn, judgment was entered by default for want of prosecution, as stated.

It further appears that shortly after the rendition of the judgment counsel for movant appeared, and thereafter, on the same day, filed a motion to set aside the judgment by default, and reinstate his cause, which was overruled. We find nothing irregular in the action of the trial court in setting the cause for trial. It had been at issue for more than ten days, and was therefore ready to be placed upon the trial docket. Section 5040, Rev. Laws 1910, provides that when actions are ready for trial they shall be set for particular days in the order prescribed by the judge of the court, and so arranged that the cases set for each day shall be as nearly as may be considered on that day. Counsel for movant seem to make some point on the fact that it does not appear that the order of the trial judge setting the case for trial on a particular day, to wit, the 13th day of May, does not appear on the journals as a court order. The clerk of the court testified that when this order was made by the judge he placed the case upon the calendar for trial on the 13th. This is all that was necessary; no order of court being required to set a case for trial on a particular day. Section 5042, Rev. Laws 1910, provides that the trial of an issue of fact and the assessment of damages in any case shall be in the order in which they are placed upon the trial docket, unless the court in its discretion shall otherwise direct. The court exercised this discretion in the case at bar by directing the cause to be heard on the following day out of its order before Judge Linn, and the order, being by the court, properly appears upon the journal. As no statutory right of the plaintiff in error was invaded, nothing remains for discussion, except the question whether the trial court abused its discretion in overruling the motion to set aside the judgment. We are not disposed to so hold. Counsel must take notice that by the provisions of section 5043, Rev. Laws 1910, "All actions are triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up," and that if it be a trial case it shall stand for trial at such term ten days after the issues are made up. These statutes do not mean that a cause must be set for trial for a particular day, for ten days or any other specified time before it can be tried, but merely that the cases so set must be selected from the cases which have been at issue for the requisite length of time, and set for trial for such particular day as will best facil-

itate the transaction of the business of the court. When a case is regularly set for trial it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order where no postponement of the case has been taken and no leave to be absent has been granted to the parties or their counsel. Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796.

In the case at bar it may be barely possible that counsel had no actual notice of the setting of his case before Judge Linn, but there was evidence to the effect that he had notice before the rendition of the judgment that his case was being called for trial in the county court room across the hall from where counsel was, and that he stated that he would not appear before Judge Linn, and that judgment was not rendered against him until after this information had been conveyed to Judge Linn. In these circumstances, we believe that the trial court was entirely justified in entering judgment by default and proceeding with the public business of the court. Counsel does not undertake to explain his conduct in refusing to appear before Judge Linn, except by stating that he had an agreement with counsel for the other side to try the case before Judge McNeill. We find no evidence of any such agreement, and if there was, such an agreement, it would not be binding upon Judge McNeill, if it appeared to him that the public business of the court required a transfer of this case for trial before Judge Linn.

For the reason stated the judgment of the court below must be affirmed.

All the Justices concur.