## EAGLE LOAN & INV. CO. v. TURNER.

No. 15667—Opinion Filed Sept. 15, 1925.

Rehearing Denied Nov. 17, 1925.

(Syllabus.)

1. **Appeal and Error—Judgment—Vacation of Default—Insufficiency of Grounds — Failure to Make Out Trial Docket.**

Section 580, Compiled Oklahoma Statutes, 1921, requires that the clerk of the court shall make out a copy of the trial docket for the use of the bar, before the first day of the term of court, and cause the same to be printed, but a judgment will not be reversed merely upon the contention that such trial docket was not made out, when it does not affirmatively appear from the record that such contention is true, or that the complaining party was substantially prejudiced thereby.

2. **Evidence — Presumptions — Regularity of Official Acts.**

The general presumption is that public officers perform their official duty and that their official acts are regular.

3. **Judgment—Vacation of Default for Unavoidable Casualty—Showing Necessary.**

In a proceeding to vacate a judgment under subdivision 7, section 810, Compiled Oklahoma Statutes, 1921, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party himself is not guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment.

4. **Appeal and Error—Discretion of Lower Court—Refusal to Vacate Judgment.**

Where it does not clearly appear that the trial court abused its discretion, its action in overruling a motion to vacate a judgment will not be disturbed on appeal.

5. **Appeal and Error—Necessity for Objections Below—Default Judgment.**

Where there has been a trial of the cause in the absence of a party, or default judgment rendered, and no objections or exceptions saved, the rulings of the trial court in the trial of said cause cannot be reviewed on appeal.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by James A. Turner against Eagle Loan & Investment Company to recover judgment for usurious interest. Judgment for plaintiff, from which defendant appeals. Affirmed.

A. H. Meyer and J. S. Lewis, for plaintiff in error.

Loyal J. Miller and J. L. Jones, for defendant in error.

RILEY, J. This is an appeal from the district court of Oklahoma county, Okla. The action was originally brought by the de_endant in error in the justice court of Oklahoma City to recover judgment for usurious interest alleged to have been paid. From the judgment rendered, the plaintiff in error appealed to said district court; the cause came on for trial on the 9th day of January, 1924, and the Eagle Loan & Investment Company failed to appear and make defense, and the action was tried in its absence, and judgment was rendered for the plaintiff below, James A. Turner, and against the defendant, Eagle Loan & Investment Company, in the trial de novo, in the sum of $146, and $25 attorney fees, and cost of suit. Soon thereafter the defendant company filed a motion in said cause to have the judgment set aside and a new trial granted. The court, after receiving the evidence adduced, overruled the motion, and from this action of the court the defendant company prosecutes this appeal.

No unavoidable casualty connected with failure to appear and defend is pleaded or proven by the defendant company, unless it can be said that this is its contention in relying upon the failure to receive notice of the date of trial from court clerk or from the appearance docket.

It is urged that the trial court erred in not sustaining the motion to vacate judgment for the reason that attorneys for the defendant company were not furnished with a docket showing the assignment of this cause. Section 580, Compiled Oklahoma Statutes, 1921, provides, in substance, that the court clerk shall have printed a docket for the use of the members of the bar. After a careful examination of the record we are unable to say that it affirmatively appears that such a docket was not printed. The only reference to such a printed docket is contained in the testimony of Mr. Lewis:

"Q. * * * You received no trial or printed trial docket from the clerk's office as provided by statute, did you? A. No, sir."

Four attorneys represented the defendant company, only one of whom testified.

It is not the duty of the court clerk to notify a party or his attorney of the setting of a cause for trial, and the failure of such clerk to do so is not grounds to vacate a judgment rendered in the absence of such party, or his attorney. Uncle Sam Oil Company v. Richards, 73 Okla. 328, 176 Pac. 240.

It is only the duty of the court clerk under section 580, supra, to "make out a copy of the trial docket for the use of the bar before the first day of the term of court, and cause the same to be printed." The general presumption is that public officers perform their official duties and that their official acts are regular. 22 A. & E. Ency. 1267; Missouri, O. & G. Co. v. Vandivere, 42 Okla. 427, 141 Pac. 799.

In the record it appears that an entry was made upon the appearance docket on December 6, 1923, of an order assigning this cause to be heard on January 9, 1924, and the assignment appeared in printed form from December 18th to and including January 8th. In a proceeding to vacate a judgment under subdivision 7, section 810, Compiled Oklahoma Statutes, 1921, on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party himself is not guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment. Hill v. Williams, 6 Kan. 17; Welch et al. v. Challen, 31 Kan. 696; Wynn v. Frost, 6 Okla. 89, 50 Pac. 184; Marshall v. Marshall, 7 Okla. 240, 54 Pac. 461; Wagner v. Lucas, 79 Okla. 231, 193 Pac. 422.

Where it does not clearly appear that the court below abused its discretion, its action in overruling a motion to vacate the judgment will not be disturbed on appeal. North v. Hooker, 68 Okla. 106, 172 Pac. 77.

It is next contended by plaintiff in error that the trial court erred in permitting the plaintiff below to amend his pleading. The amendment is not set out, but from an examination of the record we presume that this reference is directed toward the amendment by interlineation pleading a demand and refusal of payment. Error cannot be predicated upon the action of the court in this connection under the present status of the matter. This is not a general appeal by the nature of the case, no exceptions were taken and no motion for new trial was filed or passed on. The rule is well settled that where there has been a trial of the cause in the absence of a party, or default judgment rendered, and no objections and exceptions saved, the rulings of the trial court in the trial of said cause cannot be reviewed on appeal, unless the questions raised are jurisdictional. The trial court had jurisdiction of the parties and subject-matter. The amendment allowed did not inject new or different issues into the case.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON LESTER, HUNT, and CLARK, JJ., concur. PHELPS, J., disqualified and not participating.

Note.—See under (1) 4 C. J. p. 789, § 2745. (2) 22 C. J. p. 133, § 69. (3) 34 C. J. p. 314 § 534. (4) 4 C. J. p. 840, § 2825. (5) 3 C. J. p. 908, § 807.