Note.—See under (1) 30 Cyc. p. 1209; anno. 10 L. R. A. (N. S.) 541; 21 R. C. L. p. 66; 4 R. C. L. Supp. p. 1403.

---

### FOSTER v. STATE ex rel. COM'RS of LAND OFFICE et al.

No 18225.   Opinion Filed Sept. 11, 1928.

(Syllabus.)

1. **Judgment—Vacation of Default Judgment—Absence of Attorney at Trial Held not Excused by Judge's Promise at Previous Term to Notify Him of "Resetting" of Case.**

When a case is set for trial and not reached because of the crowded condition of the docket, and the judge wires the attorney for one of the parties that the case "will be reset and you notified in time," the fact that the case is set down on the regular trial docket at a subsequent term does not excuse the attorney from being diligent in ascertaining when the case is set for trial, and, although he was not notified of the subsequent setting, this will not excuse his absence.

2. **Same—"Unavoidable Casualty and Misfortune"—Negligence of Complaining Party.**

In order to vacate a judgment upon the grounds of unavoidable casualty or misfortune, as provided in subdivision 7, section 810, C. O. S. 1921, it must appear that the complaining party was not guilty of negligence.

Commissioners' Opinion, Division No. 1.

Error from District Court, Canadian County; Lucius Babcock, Judge.

Action by the State of Oklahoma, on relation of the Commissioners of the Land Office, to foreclose a real estate mortgage. W. C. Foster files cross-petition, claiming a tax lien. Judgment against Foster by default, and he files petition to vacate said judgment. A demurrer is sustained to said petition to vacate, from which Foster appeals. Affirmed.

C. J. Brown, for plaintiff in error.

Geo. E. Merritt, for defendant in error State of Oklahoma ex rel.

FOSTER, C. This action was commenced in the district court of Canadian county, to foreclose a real estate mortgage given to the Commissioners of the Land Office of the state of Oklahoma. The Finch Investment Company held a second mortgage, and W. C. Foster held tax certificates on said real estate for the years 1922 to 1924, inclusive, which he claimed to be a first lien on said land. The Commissioners of the Land Office made both Foster and the Finch Investment Company parties defendant, and they both filed answers and cross-petitions setting up their liens as above set out.

The case was set for trial on November 3, 1925, and the parties appeared, but no trial was had on account of the crowded condition of the docket, and the case was not reset on that date for any future date. C. W. Brown, attorney for W. C. Foster, lived in Oklahoma City, and left his address with the court clerk of Canadian county. Sometime later (the dates not being shown by the record), he received from the judge of said court the following telegram: "Unable to advise when case will be tried. Will be reset and you notified in time."

The case was tried on April 15, 1926. Neither defendant, W. C. Foster, nor his attorney, was present, and neither received actual notice of the setting of said case. Judgment by default was taken on said date, which was at a later term of court than November 3, 1925, the date of the original setting of said cause. Although no date is shown, we believe the record supports the finding of the lower court that the telegram was sent during the same term the case was originally set, and no doubt within a few days after November 3, 1925.

The default judgment of April 15, 1926, foreclosed the lien of the Comissioners of the Land Office on said real estate, allowing said Commissioners a first lien, and also the Finch Investment Company a second lien, but held that W. C. Foster should take nothing by reason of his cross-petition.

On August 31, 1926, which was a subsequent term of said court, Foster filed a petition to vacate the judgment, and alleged, substantially, all the facts as hereinabove set out. The Commissioners of the Land Office and the Finch Investment Company both filed demurrers to the petition to vacate, which were by the court sustained, and W. C. Foster appeals.

The assignments of error are; (1) That the court erred in sustaining the demurrer to the petition to vacate the judgment; and (2) that each of said judgments and orders are contrary to law.

It is first contended that the judgment should be vacated because the defendant, W. C. Foster, was not notified of the setting of said cause, and therefore prevented from defending his case under subdivision 7, of section 810, C. O. S. 1921, which is as follows: "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

In support of this contention, plaintiff in error cites the case of Carter v. Grimmett. 89 Okla. 37, 213 Pac. 732, and the case of Hoffman v. Deskins, 94 Okla. 117, 221 Pac. 37, in which cases it was held that the policy of the law is to afford every party to an action a fair opportunity to present his side of the cause, and while the courts must require diligence on the part of the litigants to be present in court and present their cases, yet, if by the conduct of the court or its officers the litigant is misled as to the time when the case is set for trial, the absence of such party will be excused.

Was Foster misled by the telegram he received from the court in this case? He had appeared, and the cause was continued without any date being set. A short time thereafter he received the telegram as above set out from the judge of said court. If the cause had been reset for another day, in the same term of court, and no notice sent to the attorney for Foster, it could be successfully argued that Foster had been misled, but attorneys who have cases are bound to take notice of the terms of the court in which the cases are pending, and when the judge in this case used the word "reset", we believe that the generally accepted meaning of the word, under the circumstances, was that it should pertain to the term of court at which the telegram was sent. If it not be so limited, when would the court's obligation to notify Foster's attorney stop? The case might be set on the regular assignment a dozen times and over a period of years, yet it would be unreasonable to say that, because the court had sent the above telegram, Foster and his attorney had no obligation thereafter to use any diligence in ascertaining when the case was set for trial at a subsequent term.

"In order to vacate a judgment on the grounds of unavoidable casualty or misfortune, it must appear that the complaining party was not guilty of negligence in allowing the judgment to be taken, and no proper diligence on his part could have prevented said judgment." Walker v. Gulf Pipe Line Co., 102 Okla. 7, 226 Pac. 1046; Baker v. Hunt & Co., 66 Okla, 42, 166 Pac. 891.

There is no duty on the court or its officers to notify a party when his case is set. In this case there is no allegation in the petition to vacate that the attorney for Foster, after receiving the telegram, ever inquired about his case, although one term of court expired and another term commenced, and the case was set down on the regular assignment on this subsequent term. If Foster or his attorney had exercised that diligence which our court requires, he could, and would, have ascertained when his case was set for trial. We think the court was correct in sustaining the demurrer.

In view of our holding as above indicated, it is unnecessary to decide whether or not the answer and cross-petition of Foster set up a good defense.

The judgment of the trial court is therefore affirmed.

TEEHEE, REID, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 315, §536. (2) 34 C. J. p. 314, §534; 15 R. C. L. p. 708; 3 R. C. L. Supp. 487; 6 R. C. L. Supp. 928.