## MID-TEXAS PETROLEUM CO. v. WESTERN LUMBER & HDWE. CO.

No. 24617.   Oct. 1, 1935.

Rehearing Denied Oct. 22, 1935.

Second Petition for Rehearing Denied Dec. 10, 1935.

Stuart, Bell & Ledbetter, for plaintiff in error.

T. R. Wise, for defendant in error.

PER CURIAM. This action was brought in Beckham county, Okla., by the Western Lumber & Hardware Company against the Mid-Texas Petroleum Company and A. E. Heiden, on March 25, 1931, to recover for some material furnished to the defendant for the development of an oil and gas lease. The defendant, after several dilatory pleas, filed its answer on May 4, 1931. On October 31, 1931, judgment by default was taken against the defendants. On January 11, 1932, the defendant, Mid-Texas Petroleum Company, filed its motion to vacate the said default judgment, alleging, in short, that theretofore the court clerk's long practiced habit of sending defendants' attorneys notice of motions and setting of cases had grown into a custom upon which they consistently depended; that they relied upon Mr. Wise, attorney for plaintiff, notifying them of the setting of the case in question, and that neither Mr. Bell, his attorney in said cause, nor any member of Mr. Bell's firm had received notice of said hearing.

In support of this motion the defendant filed affidavits of members of the firm of Ledbetter, Stuart, Bell & Ledbetter, and of their employees, asserting that they had neither received notice nor the printed assignment from the court clerk showing the setting of the case for that term of court. The motion to vacate came on for hearing on the 1st day of February, 1932. Plaintiff and its counsel, as shown by plaintiff's brief, offered no resistance to the motion, and the court on that date vacated said judgment.

Reference is made to this first default judgment and its vacation only for its bearing on the second.

On October 17, 1932, another default judgment was taken against the defendant in the sum of $219.20, with interest at 6 per cent. from the 17th day of October, 1932, for attorneys' fee of $50, and costs of said action, and on November 1, 1932, the defendant filed its motion to set aside this second default judgment, alleging, in brief, that Mr. Wise, plaintiff's attorney, promised defendant's attorney that said cause would not be called until October, 1932, and that said Wise would not take advantage of attorney for defendant and would notify him of any contemplated setting of trial; that unknown to defendant said cause was set for trial as of October 17, 1932, and that said Wise did not notify attorney for defendant and took judgment against said defendant.

The court denied the motion to set aside the second judgment by default, and it is from the order of denial, duly entered, that the defendant brings this appeal.

Several assignments of error are made by plaintiff in error, but, from an examination of its brief and the record in the case, its plea for a reversal of the judgment of the trial court is based practically upon the same grounds which were alleged to have occasioned the first default judgment, to wit: that plaintiff in error expected notice of the date of the hearing of the case, as shown by the seventh assignment of error, that it also depended upon counsel for defendant in error to advise counsel for plaintiff in error of the hearing under a prearranged understanding and agreement between them. The record discloses that Stuart, Bell & Ledbetter were mailed a copy of the docket setting as of October 17, 1932, and that one member of the partnership received the docket, but failed to advise the partner having to do with the instant case. Mr. T. R. Wise, attorney for defendant in error, does not admit that he promised to advise counsel for the plaintiff in error as to the docket setting, and states that he has no recollection of any such agreement as alleged by opposing counsel.

It becomes necessary to determine whether the facts relied upon by plaintiff in error, as disclosed by the record in this case heretofore recited, constitute such unavoidable mistake, casualty or misfortune as would come within the purview of the statute, which reads as follows (section 810, C. O. S. 1921, or section 556, O. S. 1931):

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which said judgment or order was made. * * * Third. For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order; * * * Seventh. For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

An examination of the various authorities cited by plaintiff in error as follows: Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 P. 297; Lovejoy v. Stutsman, 46 Okla. 122, 148 P. 175; Shuler v. Viger, 103 Okla. 129, 229 P. 280; Hodges v. Alexander, 44 Okla. 598, 145 P. 809; Nash v. Treat, 45 Mont. 250, 122 P. 745; Johnson v. Bearden Plumbing & Heating Co., 170 Okla. 63, 38 P. (2d) 500, fails to disclose any case where negligence and lack of diligence on the part of counsel have been construed as an unavoidable casualty or misfortune. They are devoted rather to events which human prudence, foresight, and sagacity could not well prevent, such as miscarriage of a letter; appearance of defendant in court immediately after default judgment was taken, 17 minutes after court convened; misunderstanding as to whether defendant's attorney had been discharged; sickness of the mother of defendant in a distant state, which prevented defendant's appearance at the trial, etc.

The essential facts in the cases cited by plaintiff in error are not comparable to and bear little similarity to the extraordinary circumstances of recurrent negligence of its attorneys of record in the instant case, as shown by the record, and the rule is well settled that the negligence of attorneys cannot be considered such unavoidable casualty or misfortune as to prevent a party from defending. Lindsey et al. v. Goodman, 57 Okla. 408, 157 P. 344; Missouri, K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 P. 226; Bigsby et al. v. Eppstein et al., 39 Okla. 466, 135 P. 934; Savage et al. v. Dinkler, 12 Okla. 463, 72 P. 366.

In the case of Forest v. Appleget et al., 55 Okla. 515, 154 P. 1129, the following rule is announced:

"In a proceeding to vacate a judgment under subdivision seven of section 5267, Revised Laws of 1910 (556, O. S. 1931), on the grounds of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment." Citing Freeman on Judgments (4th Ed.) vol. 1, sec. 15; Hill v. Williams, 6 Kan. 17; Welch v. Challen, 31 Kan. 696, 3 P. 314; Wynn v. Frost, 6 Okla. 89, 50 P. 184; Marshall v. Marshall, 7 Okla. 240, 54 P. 461.

In Tracy et al. v. State ex rel. Fancher, 60 Okla. 109, 159 P. 496, we find the following:

"There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent and ascertain when his case is set for trial." Wagner et al. v. Lucas et al., 79 Okla. 231, 193 P. 421; Baker et al. v. Hunt & Co., 66 Okla. 42, 166 P. 891; Ross v. Irving, 96 Okla. 124, 220 P. 642.

In Uncle Sam Oil Co. v. Richards, 73 Okla. 328, 176 P. 240, it is stated as follows:

"It is not the duty of the court clerk to notify a party or his attorney of the setting of a case for trial, and the failure to do so is not grounds to vacate a judgment

rendered in the absence of such party or his attorney." North v. Hooker, 68 Okla. 106, 172 P. 77; Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 P. 154.

The defendant in error submits only two citations of authorities for the court's consideration, to wit: Foster v. State ex rel. Commissioners, 132 Okla. 256, 270 P. 84; Olentine v. Alberty, 82 Okla. 9, 198 P. 296.

They are, however, consistent with the detailed facts in the case at bar and expound the law applicable thereto. The case of Olentine v. Alberty, supra, is almost on all fours with the case at bar. In addition to well settled rules of law quoted from other recognized and approved authorities cited herein, said opinion sets forth the following:

"A judgment upon default will not be vacated upon a showing that the party has a meritorious defense: it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief." Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 P. 154; M., K. & T. Ry Co. v. Ellis, 53 Okla. 264, 156 P. 226.

The same opinion quotes from Western Coal & Mining Co. v. Green, supra, as follows:

"That in the absence of some statute or rule of court requiring it, parties who rely upon the custom of the clerk to notify when orders are entered on motions pending in their cases do so at their peril."

In the case of Eagle Loan & Inv. Co. v. Turner, 113 Okla. 251, 241 P. 138, appears this language:

"Where it does not clearly appear that the trial court abused its discretion, its action in overruling a motion to vacate the judgment will not be disturbed on appeal." North v. Hooker, 68 Okla. 106, 172 P. 77; Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851.

In the case of Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 P. 464, this court stated:

"The danger of default is the only guaranty of punctuality in litigants and orderliness in court procedure; and anything less than strictness in the rule of this court in vacating such judgments would undermine trial procedure, and be subversive of public policy."

If the Mid Texas Petroleum Company or its attorneys had exercised that diligence which the law requires, it would not have permitted a second default judgment after receiving a printed docket from the court clerk of Beckham county showing the setting of the case at bar on a day certain, and it could and would have known when this case was set for trial, and could have protected its interest therein. By reason of its failure and neglect so to do, it was not entitled to the further indulgence of the court.

The conclusion is therefore reached that the record in this case neither discloses such accident, inadvertent mistake, and unavoidable casualty as would excuse the plaintiff in error, nor such abuse of discretion by the trial court as would justify the setting aside of said default judgment.

The judgment of the trial court is, therefore, affirmed.

The Supreme Court acknowledges the aid of District Judge O. H. P. Brewer, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereupon the opinion, as modified, was adopted by the court.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.