## THORNTON v. EOFF.

No. 28043.   Oct. 11, 1938.

Arthur H. Dolman, for plaintiff in error.

C. E. McAfee and T. K. Quillin, for defendant in error.

CORN, J. This is an appeal from an order and judgment overruling motion to vacate a default judgment and for a new trial. The specifications of error are presented under two propositions: (1) Unavoidable casualty, misfortune, accident, and surprise, which prevented defendant from presenting his defense; and (2) error of court in rendering default judgment against the defendant in the face of the pleadings on file in said cause on behalf of the defendant stating a defense to plaintiff's action, and to which the defendant had no opportunity to except.

The action was brought upon a promissory note executed by the defendant, and the defendant filed an answer setting up a defense, which was denied by plaintiff's reply. With the issues thus joined, the cause was docketed and came on regularly for trial, but neither the defendant nor his counsel appeared, and after being duly called by the bailiff and still not appearing, the court proceeded to hear the plaintiff's evidence, which, among other things, consisted of the introduction in evidence of the original note sued upon, whereupon the court found the defendant to be in default by his failure to appear and offer evidence in support of his alleged defense, and rendered judgment for the plaintiff according to the prayer of his petition. The judgment was rendered on November 24, 1936, and thereafter, on November 27, 1936, the defendant filed his motion to vacate the default judgment and for a new trial. The motion was set on the motion docket for hearing on February 5, 1937, and at that time the court passed the motion over to February 9, 1937, and at the time advised counsel for defendant to be ready for trial of the cause upon its merits in the event the motion was sustained. On February 9th, the motion came on for hear-

ing and the defendant again failed to appear, but his attorney was present and made a statement to the court, but failed to offer any evidence in support of his motion, and thereupon the court overruled the motion. After procuring three extensions of time to make and serve case-made, the defendant attempted to make a record in the case by placing his attorney on the stand, who testified as to his recollection of the proceedings leading up to the rendition of the judgment and the overruling of the motion for new trial, and at that time the defendant did not ask for any judgment or order of the court, but only asked that he be permitted to make a record.

We find nothing in the record to indicate an abuse of discretion by the trial court in overruling the motion. The defendant was given a second opportunity for a trial upon the merits of the case, but did not avail himself of that opportunity.

In the case of Schuman et al. v. Sternberg et al., 179 Okla. 115, 65 P.2d 410, we held in paragraph 2 of the syllabus:

"In a proceeding to vacate a judgment on the grounds of unavoidable casualty and misfortune, it must appear that the complaining party is not guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment."

And in the case of Mid-Texas Petroleum Co. v. Western Lumber & Hardware Co., 175 Okla. 260, 52 P.2d 15, we held in paragraph 3 of the syllabus:

"There is no law in this state which requires that attorneys or their clients be notified of the setting of time for trial as a condition precedent to the authority of the court to render a default judgment. It is the duty of an attorney to use diligence to ascertain when his case is set for trial."

Therefore, in the absence of proof of statutory grounds for vacating the judgment, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, GIBSON, and HURST, JJ., concur. PHELPS and DAVISON, JJ., absent.