JAGGERS v. HOBBS.

No. 32522. Jan. 14, 1947.

Rehearing Denied Feb. 4, 1947.

*176 P. 2d 828.*

Clyde F. Ross, of Okemah, for plaintiff in error.

Embry & Sutton, of Chandler, for defendant in error.

PER CURIAM. This is an appeal from an order refusing to set aside a judgment entered by the trial court in favor of Joe Hobbs, hereinafter called plaintiff, in an action against Ike Jaggers. Plaintiff filed his action to recover $840 as damages to his trailer truck resulting from a collision between plaintiff's truck and an automobile driven by the defendant.

The defendant first filed a motion to quash the issuance of summons, and when this was overruled he filed an answer and cross-petition seeking damages for personal injuries and damage to his automobile for $1,140. This answer and cross-petition was signed for defendant, "Nolen & Ross Attorneys for Defendant J. Hugh Nolen by J. Hugh Nolen."

Issues were joined by a reply. The case was set on the regular jury docket for September 14, 1945. The case was called for trial and neither the defendant nor his counsel of record, Nolen & Ross, appeared. The defendant was called three times in open court. The record shows that thereafter a jury was waived. The court heard three witnesses for the plaintiff. Thereupon judgment was entered for the plaintiff for $840, the amount for which plaintiff brought suit; $640 of this was for damages to the truck and trailer and $200 was for time lost by being deprived of the use of his trailer truck.

During the proceedings a Chevrolet automobile involved in the collision and belonging to the defendant was attached and it has been sold at sheriff's sale for $280. The sale has been confirmed and the order of the court credits $280 less $95 for storage, on the judgment of plaintiff.

On November 27, 1945, Clyde F. Ross, attorney for the defendant, filed the following motion to vacate:

"Comes now the defendant, and moves the court to vacate, set aside, and hold for naught the purported judgment rendered herein on the 14th day of September, 1945, for the following reasons, to wit:

"For the reason that said defendant had no actual knowledge or notice that said cause had been set down for trial, that he had no knowledge of the same and no opportunity to appear and defend herein; and for failure to so defend has been without fault or laches on his part.

"That defendant herein was prevented from defending said cause because of unavoidable casualty or misfortune, more specifically stated as follows:

"That immediately after the plaintiff had instituted his suit against this defendant, that the defendant immediately employed J. Hugh Nolen, attorney at Okemah, Oklahoma, to defend in this action. That defendant is now informed and has positive proof that early in the month of August, 1946, his attorney, J. Hugh Nolen, became stricken with a serious illness and that he was imme-

diately taken to a hospital at Temple, Texas, for treatment and for a major operation. That Mr. Nolen was confined to his bed in said hospital until sometime in October, 1945, when he was returned home, and that he is still confined to his bed because of said serious illness or disease. That defendant's attorney, because of said serious illness or disease did not know, and was in such state of incapacity, that he was not capable of knowing anything at all about this cause being set for trial or that the same had been set for trial. That this defendant, because of the above named casualty or misfortune, had absolutely no means or method or opportunity to appear and defend this said cause. That this defendant is now informed that a judgment was rendered against him by default, and that an execution has been issued against his automobile and that said automobile has been advertised for sale on December 3, 1945.

"Defendant further states that he has a good and valid defense to said action, as follows: That at the time of the accident referred to in plaintiff's petition, this defendant was driving at a lawful rate of speed and in a careful and prudent manner. That said accident was entirely the fault of the plaintiff in this action because of his disregard of the rules of the road or of the safety of this defendant and that the said accident or collision was caused by the carelessness and negligence of the plaintiff, Joe Hobbs. That this defendant was damaged by said collision because of the negligence of said plaintiff, all of which has been specifically set out in the answer and cross-petition duly filed of record by this defendant.

"Wherefore, defendant asks that said judgment be vacated, and that he be permitted to defend herein."

Two witnesses testified for the defendant. Clyde F. Ross testified that he was attorney for the defendant in the present proceedings; that he is a member of the firm of Nolen & Ross, composed of J. Hugh Nolen and Clyde F. Ross; that the firm is a partnership; that this is one of the cases being handled by J. Hugh Nolen; that Clyde F. Ross did not know of any such case and that although he had seen the defendant in the office he did not know the nature of his business with J. Hugh Nolen; that shortly before September 14, 1945, J. Hugh Nolen was confined in the hospital for the purpose of having an operation; that he had been ill for some time prior to this date; that on September 14th he was operated on; that the defendant called Clyde F. Ross on the telephone and told him that his automobile was being sold to satisfy a judgment; that this is the first that Clyde F. Ross knew of the case.

Colman Nolen, son of J. Hugh Nolen, testified and his testimony is limited to the proposition that his father is ill and has been for some time and was at the time of the trial, and at the time of the hearing on the application to vacate, a patient in a hospital.

The application comes under the 7th subdivision of 12 O.S. 1941 §1031, which, in effect, authorizes the vacating of a judgment where a party has been unavoidably prevented from prosecuting or defending. Defendant cites and relies upon McLaughlin v. Nettleton, 69 Okla. 74, 183 P. 416; Anderson v. Graham, 87 Okla. 278, 210 P. 281; Bearman v. Bracken, 112 Okla. 237, 240 P. 713; Tippins v. Turben, 162 Okla. 136, 19 P. 2d 605, and several other cases unnecessary to set out herein, in all of which cases this court either approves the action of the trial court in vacating a judgment or vacates a judgment entered where the parties either fail to appear at a proceeding or a trial or default by failing to. plead. The rule generally stated is that found in Bearman v. Bracken, supra, to the effect that a party who asserts an inability to attend because of a lack of knowledge of the date of the trial will be excused from attending trial when it appears he has given such attention to the litigation as would be expected of a reasonably prudent person.

In Anderson v. Graham, supra, it is stated:

"It appears to us that the better rule

in this class of cases is that a party may be held excusable for relying upon the diligence of counsel when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation. Manning v. Roanoke, etc., R. R. Co., 122 N.C. 824, 28 S.E. 963."

In Peterson v. Koch, 110 Iowa, 19, 81 N.W. 160, 80 Am. St. Rep. 261. cited with approval in Bearman v. Bracken, supra, it is stated:

"The law regards the negligence of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Abstractly speaking, this is correct, but if the negligence of the attorney is not such as may be imputed to the client, and is such as to cause unavoidable casualty or misfortune preventing the client from prosecuting or defending, it is ground for new trial."

The record does not support the statement of counsel that he knew nothing of the case prior to the date it was set for trial. The first thing filed on behalf of defendant was the motion to quash the issuance and service of summons. It was signed by Clyde F. Ross for the firm of Nolen & Ross. The defendant did not testify in the proceedings on the application to vacate. His attorney stated that the defendant was not present at the proceedings. No reason for his absence is shown. There is no showing by anyone possessing knowledge of the facts that defendant did not know that the case was set or that he was expecting J. Hugh Nolen and not Clyde F. Ross to handle the case. These are important factors. The only witnesses testifying as to these factors state that they knew nothing about the case. This case transcends the negligence of counsel. It shows negligence of the defendant, or at least it fails to meet the burden placed on the defendant by subdivision 7 of 12 O.S. 1941 §1031. It is his duty to show that he was unavoidably prevented from attending the trial. The rule many times stated is that an application to vacate a judgment is addressed to the sound legal discretion of the trial court and the order entered thereon will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. Poff v. Lockridge, 22 Okla. 462, 98 P. 427; Hall v. Price, 136 Okla. 202, 277 P. 239; Foster v. State, 132 Okla. 256. 270 P. 84; and Sautbine v. Jones, 161 Okla. 292, 18 P. 2d 871.

Under the facts and circumstances of the case, we hold that the trial court did not abuse its discretion in refusing to vacate the judgment.

The order of the trial court refusing to vacate the judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.