## JACOBS et al. v. WARD et al.

No. 15892—Opinion Filed Feb. 23, 1926.

### Judgment—Vacation—Petition — Dismissal —Petition to Reinstate.

Where a judgment has been entered in an action against a defendant and cross-petitioner for failure to appear and defend or to prosecute his cross-petition, and a petition is thereafter filed by him to vacate such judgment under the 7th subdivision of section 810, Comp. Stat. 1921, and under section 812, Id., which petition to vacate is likewise dismissed for failure to prosecute after the same has been pending nearly a year. a pleading thereafter filed to reinstate the petition to vacate judgment, although denominated a "petition to reinstate," is nothing more than a motion for new trial and

is governed by the provisions of Comp. Stat. 1921, section 574.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Petition by S. W. Brown, in an action by Joseph Jacobs et al. against J. D. Ward, S. W. Brown, et al., to vacate a previous order dismissing petition to vacate judgment, to reinstate the original petition to vacate, and to permit petitioner to introduce evidence. From an order denying this petition, S. W. Brown brings error. Affirmed.

This action was commenced July 9, 1917, by Joseph Jacobs and L. O. Lytle filing their petition for possession and to quiet title to certain real estate. S. W. Brown was one of the defendants in that action and filed his answer and cross-petition July 10, 1919. The case was set for trial in February, 1920, but by stipulation a continuance was entered. The case was again set for trial in January, 1921, but on January 19, 1921, S. W. Brown filed a supplemental and amended answer and cross-petition. The case was again set for trial May 26, 1921, and on that date the court entered judgment by default against certain defendants, and as to the defendant S. W. Brown, entered judgment for failure to appear and maintain his defense and for failure to prosecute his cross-petition. Thereafter, on November 7, 1921, S. W. Brown filed his petition to vacate the judgment of May 6th. It appears that this petition to vacate was permitted to lie dormant and nothing was done with it until it was set down for hearing on October 22, 1922, at which time Brown failed to appear, and the court ordered the petition dismissed for want of prosecution. Thereafter, on May 21, 1923, Brown filed his instant petition to vacate the order of October 22, 1922, to reinstate the original petition to vacate, and for leave to introduce evidence in support of said petition to vacate the judgment of May 26, 1921. This instant petition was denied by the court July 25, 1924, and this proceeding in error has been brought to this court to review the action of the trial court in denying this last petition.

James J. Marrs and J. S. Severson, for plaintiff in error Brown.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error James C. Smith.

A. J. Biddison and Harry Campbell, for defendant in error W. A. Crosby.

Opinion by LOGSDON, C. The three propositions urged in defendant's brief are practically reiterations, and their entire substance may be comprehended in the single proposition that the trial court erred in holding that the petition to reinstate the petition to vacate and to permit the introduction of evidence thereon did not state facts sufficient to justify the court in granting the instant petition, and that the trial court abused its discretion in denying said petition to reinstate.

As disclosed by the preceding statement of facts, this case presents a very peculiar situation. With an answer and cross-petition pending in the original action for approximately 18 months, when the case was finally set for trial this defendant appeared and asked leave of the court to file an amended and supplemental answer and cross-petition, which operated to continue the trial of the case for that term. From July 10, 1919, when defendant's original answer and cross-petition were filed, until May 21, 1923, when the instant petition to reinstate was filed, the record does not disclose that defendant Brown or his attorney ever appeared before the court in which the action was pending for any purpose except to file this amended answer and supplemental cross-petition, which resulted in a continuance of the case in January, 1921. The session of the court in January, 1921, when the amended answer and supplemental cross-petition were filed, was a part of the November, 1920, term of the court. The next term of that court commenced the first Monday in March, and by the provisions of Comp. Stat. 1921, section 3072, would continue until the first Monday in June following, unless sooner adjourned sine die. Yet it appears that with the action pending since 1917, and with the issues made up in January, during the November term neither defendant nor his attorney made any inquiry to learn when the case would stand for trial during the March, 1921, term of the court. The case was regularly set for trial May 26, 1921, and judgment was rendered against the defendant for failure to appear and defend under his amended answer and for failure to appear and prosecute his supplemental cross-petition.

It is alleged in this instant petition to reinstate "that said petitioner did on November 7, 1921, as soon as he obtained knowledge of such judgment, file through his attorney, James J. Marrs, a petition to vacate and set aside said default judgment." Yet in the original petition to vacate it is alleged that the defendant had no notice or

knowledge of said judgment having been taken on May 26, 1921, "until on the 10th day of September, 1921, his attorney was notified by letter from the attorneys of the said James C. Smith." It thus appears that defendant had knowledge of the judgment against him for approximately two months before he filed his original petition to vacate, which is contradictory of the statement in his instant petition that he filed said petition to vacate as soon as he obtained knowledge of said judgment. It is disclosed by the original petition to vacate that defendant's attorney claims a lien, so that he is really a party at interest in these proceedings. The same attorney who filed the original petition to vacate, claiming a lien and an interest in the proceedings, filed the original answer and cross-petition for the defendant in 1919, and still represents him as disclosed by the instant petition to reinstate. After filing the original petition to vacate on November 7, 1921, the record does not disclose that defendant or his attorney ever appeared before the court and sought to have said petition set for hearing or that any effort was ever made to prosecute the same. It was not set down for hearing until October 22, 1922, and it must be presumed from this record that it was then set on the clerk's own motion.

When that petition came on for hearing no appearance was made by the defendant or his attorney, and the petition to vacate was dismissed for want of prosecution. No inquiry appears to have been made at any time by the defendant or his attorney in reference to the status of this petition to vacate, but apparently, believing that the filing of the petition to vacate superseded the judgment of May 26, 1921, defendant sought to sell the land to some person on May 5, 1923, and the sale was not made for the reason that an examination of the title disclosed the judgment of May 26, 1921, and the dismissal for want of prosecution of the petition to vacate on October 22, 1922. Thereupon the instant petition to reinstate the original petition to vacate was filed May 21, 1923, and was denied July 25, 1924. In the original petition to vacate one ground stated was that the case was a law action, and that the court committed error in rendering judgment in favor of the codefendants without the intervention of a jury. In the instant petition to reinstate it is stated that this action is an equity case and may be assigned for hearing at an early date. With the record in this condition, and with the contradictory and inconsistent allegations contained in the petition to vacate and in the petition to reinstate, it is not apparent that any abuse of discretion is shown by the action of the trial court in refusing to reinstate the original petition to vacate.

The instant petition, from the denial of which this proceeding in error is prosecuted, is not the character of proceeding contemplated and provided for by subdivision 7 of section 810, Comp. Stat. 1921, and section 812, Id. This instant proceeding falls properly under section 574, Id., because it is nothing more nor less than a motion for new trial on the petition to vacate, and under the provisions of section 574 must have been made at the term at which the order was entered.

In the case of Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 Pac. 464, the court used language which is very apropos of the situation presented by this record, and the same is adopted here as expressing the views of this court on this instant proceeding:

"Counsel has the sympathy of the writer in the matter, and yet we are bound to impute negligence to the oversight, and the individual litigant must suffer the result of it, rather than that there be laid down a rule so broad as to deprive all default adjudication of any strength. The danger of default is the only guaranty of punctuality in litigants and orderliness in court procedure; and anything less than strictness in the rule of this court in vacating such judgments would undermine trial procedure, and be subversive of public policy."

No error appearing in the action of the trial court in denying the instant petition to reinstate the petition to vacate and to hear evidence thereon, in other words, in denying a motion for new trial on the petition to vacate, the order and judgment of the trial court are in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 390 §600 (Anno.)