**McADOO, Director General of Railroads, v. WESSNER.**

No. 10591—Opinion Filed April 25, 1922.

(Syllabus.)

1. **Appeal and Error—Discretionary Rulings—Vacation of Judgment.**

Under section 5267, subd. 7, Rev. Laws 1910, the vacation of a default judgment for "unavoidable casualty or misfortune preventing the party from prosecuting or defending," rests largely in the sound discretion of the trial court, and the action of the trial court in refusing to vacate such a judgment will not be disturbed on appeal unless it clearly appears that the court abused its discretion.

2. **Judgment — Petition to Vacate — Sufficiency—Refusal—Discretion.**

Record examined, and held, that the facts as disclosed in the petition to vacate the judgment were insufficient to show that the court abused its discretion in sustaining a demurrer to the petition.

Error from County Court, Washita County; Owen F. Renegar, Judge.

Petition by W. G. McAdoo, Director General of Railroads, to vacate judgment in favor of J. C. Wessner. Petition denied, and petitioner brings error. Affirmed.

A. M. Beets and J. I. Howard (E. A. Boyd, of counsel), for plaintiff in error.

Richard A. Billups, for defendant in error.

KENNAMER, J. The palintiff in error, W. G. McAdoo, Director General of Railroads, prosecuted this appeal to reverse the judgment of the county court of Washita county sustaining a demurrer to a petition filed by the Director General of Railroads for a new trial in the case of J. C. Wessner v. W. T. Kemper, Receiver of Kansas, Mexico & Orient Railroad Company.

J. C. Wessner commenced a suit on the 6th day of June, 1918, against Kemper as receiver of the Kansas, Mexico & Orient Railroad Company in the county court of Washita county. Summons issued, returnable on the 10th day of June, 1918; answer date, July 1, 1918. The summons was served on F. J. Wager, station agent at Dill in Washita county; as required by law. The defendant railroad company made default in the case, and judgment was rendered in favor of the plaintiff on July 8, 1918, for damages in the amount for which the action was instituted for the negligent killing of plaintiff's jack.

The receiver of the defendant railroad company filed a petition on the 12th day of October, 1918, to vacate and set aside the default judgment rendered in the cause. The material allegations of the petition are: That the defendant railroad company had employed, for the purpose of looking after and defending all suits and actions brought against it in any of the several counties of the states of Oklahoma and Kansas, as general solicitor, D. W. Eaton, who had his offices at Kansas City, Jackson county, Mo. That general instructions had been sent to local station agents by circular letter instructing said agents what action to take when served with any writ, summons, or process of any character pertaining to the business of said defendant railroad company; that said agents were instructed to telegraph over the company's wires to the superintendent of said railroad company at Wichita, Kan., and thereupon if ascertained that D. W. Eaton, in charge of the legal department of said company, was off on legal business and could not be reached by the company's wires, it was the duty of the superintendent to send a copy of such message to the general solicitor at Kansas City by mail. That F. J. Wager immediately notifed, by telegraph, Mr. R. G. Carden, superintendent of said company at Wichita, Kan., of the service of the summons upon him. That in the usual course of business the message was received by A. B. Davis, chief clerk of the superintendent, and that immediately upon the receipt of the said notification on June 10, 1918. A. B. Davis, chief clerk to the superintendent, pursuant to his duties, and in the ordinary conduct of such business, mailed a copy of said message to him by F. J. Wager to the general solicitor. D. W. Eaton, at Kansas City, in order that the suit might receive the attention of the general solicitor. That the notice mailed to the general solicitor, of the filing of the action, was not received by the general solicitor through some cause unknown to the defendant. That the general solicitor to the defendant railroad company had no notice of the rendition of the judgment until notified by the counsel for the plaintiff on the third day of August, 1918;

that this was the first notice the legal department had of the pendency of the action. That the petitioners had a valid defense to the action, in that the petition filed by the plaintiff charged the defendant railroad company with negligently killing a jack owned by the plaintiff, in that the jack did not go upon the right of way of the railroad company at any place where it was the duty of the company to maintain a fence. That said animal went upon the right of way within the switch limit within the town of Braithwaite, Okla., at a point where the company was not required to maintain a fence. That the animal was not killed by any negligence of the defendant railroad company in the movement of its trains.

The plaintiff filed a general demurrer to the petition filed by the Director General of Railroads, who had been substituted as party defendant in place of the receiver by agreement. The court sustained the demurrer, and this appeal is prosecuted by the Director General to reverse the judgment of the court sustaining the demurrer.

It is the contention of the counsel for the Director General that under subdivision 7, sec. 5627, Rev. Laws 1910, which is as follows: "for unavoidable casualty or misfortune preventing the party from prosecuting or defending"—the court shall vacate and set aside the judgment.

The rule is well established that in construing a pleadng, the allegatons of the petition with the exhibits thereto attached, the allegations of the exhibits must be construed in connection with the allegations of the petition. Southern Surety Company v. Municipal Excavator Company, 61 Okla. 215, 160 Pac. 617. The petition filed in this action was supported by the affidavits of the parties named in the petition as to the failure of the notice of the pendency of the suit reaching the general solicitor for the railroad company.

Counsel for the Director General cite the cases of Whiteacre v. Nichols, 17 Okla 387, 87 Pac. 865; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; and Oklahoma Sash & Door Company v. American Bonding Company, 67 Oklahoma, 170 Pac. 511, as supporting the rule that on a demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed and all its allegations taken as true for the purpose of the demurrer. This case must be determined under the rule announced in these decisions, which are controlling in this case.

The rule is well established and settled in this state that tne vacating of a default judgment upon an application of the defaulting party is not a matter of right, but rests largely in the sound discretion of the court. Missouri, K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 Pac. 226. The action of the trial court in vacating or refusing to vacate a default judgment will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Missouri, K. & T. R. Co. v. Ellis, supra.

In the instant case, we have casually examined the petition filed by the Director General, and according to the allegations of the petition the unavoidable casualty relied upon is the failure of the general solicitor to receive the notice alleged to have been mailed him by the superintendent of the railroad company. It is alleged this notice was mailed on the 10th day of June, and in the regular and usual course of the mail the notice should have been received by the general solicitor on the 11th day of June. It is apparent that ordinary prudence would have required the superintendent on his failure to receive an acknowledgment of receipt of this notice by the general solicitor to have taken further action to bring the matter to the attention of the legal department. It would be a dangerous precedent if the courts of this state were compelled to vacate their judgments simply upon the showing or statement of an employe of a party to an action that he had mailed a letter to the attorney of such party and such party failed to receive it.

The superintendent of the defendant railroad company in the instant case had 20 days from the 10th day of June to impart notice to the legal department, and the mere mailing of a notice without ever receiving any acknowledgment of the notice having been received at its destination, the legal department, does not constitute ordinary diligence on the part of the defendant in the action. The record discloses that the solicitor received notice on August 3rd. He filed no motion to vacate the judgment until the 12th day of October.

It is also suggested in the brief of defendant in error that the defendant railroad company retains local counsel at Cordell, county seat of Washita county, the county in which the action was instituted. It would be a matter of very little trouble to have the local agent within the county notify the local counsel for the railroad company of the service of process in order that the interests of the defendant company might be protected.

We are clearly of the opinion that the petition of the Director General fails to allege facts sufficient to warrant the court in vacating the judgment, and the action of the trial court in sustaining the demurrer to the petition was not error, and that the rule announced in the case of Missouri, K. & T. R. Co. v. Ellis, supra, should be adhered to in this case.

The judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, MILLER, ELTING, and NICHOLSON, JJ., concur.