## NEFF v. EDWARDS.

No. 14551—Opinion Filed May 13, 1924.

1. **Judgment—Proceeding to Set Aside—Notice to Adverse Party.**

Where a party seeks to set aside a judgment because of irregularities in obtaining the same, section 811, Comp. Stat. 1921, provides that reasonable notice of such proceeding shall be served upon the adverse party, or his attorney in the action.

2. **Same—Sufficiency of Notice.**

Where a party files a motion in a cause, attacking a judgment because no summons was ever served upon or appearance entered by her, and service of notice is had upon one of two plaintiffs and upon their attorney of record, such service is sufficient unless there are special reasons why such service could not serve the purpose of notifying the parties of the proceeding.

3. **Same.**

Where, in such proceeding, one of two plaintiffs appears with his attorneys and files a response to the motion on behalf of the plaintiffs, raising the question of the reasonableness of the notice, and then refuses to continue the hearing when advised by the court that the hearing may be continued, neither of the plaintiffs can be heard to complain of either the sufficiency or the reasonableness of the notice, unless there is some special reason why the absent plaintiff should not be bound by the proceeding.

4. **Same—Vacation of Judgment Sustained.**

Record examined, and held, that notice of defendant's motion to quash summons and return thereof, and to vacate the judgment had without service of summons or entry of appearance, was sufficient and reasonable; and that in the light of the record presented the order and judgment of the court refusing to vacate a former order quashing summons and return thereof and vacating the judgment had without service of summons and without appearance entered, should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by William Neff and L. E. Neff against Josie Edwards et al. for partition of certain real estate of the allotment of Josie Edwards. Judgment for plaintiffs. On motion of Josie Edwards the judgment was set aside and vacated. Motion of L. E. Neff to set aside and vacate the order and judgment of the court vacating the original judgment heard and overruled. L. E. Neff appeals. Affirmed.

George Miller, Jr., for plaintiff in error.

Malcolm E. Rosser, W. H. Brown, and Foster V. Phipps, for defendant in error.

Opinion by SHACKELFORD, C. William Neff and L. E. Neff brought a suit in the Henryetta division of the superior court of Okmulgee county against Josie Edwards et al., for partition of certain lands of the allotment of Josie Edwards and for a division of rents and profits. The suit was

filed on the 24th day of September, 1920, and one Thomas J. Wiley appeared as attorney of record for the plaintiffs. Some of the defendants appeared and filed pleadings in the cause; and on the 7th of January, 1921, a judgment was entered for plaintiffs for the relief prayed in their petition. On December 15, 1922, Josie Edwards appeared specially by motion to quash the summons and return thereof, and to vacate the judgment for the reason that the return upon the summons was false as no service was ever had upon her. Notice of this motion was duly served upon William Neff, one of the plaintiffs, and upon Thomas J. Wiley, attorney of record for William Neff and L. E. Neff, and due return of service made showing personal service upon the two parties named. Also, in apt time, notice of date fixed for hearing the special appearance and motion was sent by registered mail to William Neff, L. E. Neff, and Thomas J. Wiley, their attorney, at their respective Muskogee offices and proof of such mailing was duly made. On the 22nd of December, 1922, Josie Edwards filed her amended special appearance and motion to quash the summons and return thereof, and to vacate the judgment; and on the same day a response to the motion was filed. On the said 22nd of December, 1922, William Neff appeared in person and by several attorneys, and Josie Edwards appeared in person and by her attorneys. Evidence was taken upon the issues joined by the motion and response thereto, and the matter was continued until the 5th of January, 1923, when an order was made quashing the summons and return thereof, and vacating the judgment. The evidence is not set out in this record, but the order of the court shows that the court found that there had been no service of summons upon Josie Edwards, and that purported appearances for her were unauthorized. On the 13th of January, 1923, L. E. Neff filed his motion to vacate the order of the court made January 5, 1923, quashing the summons and return and vacating the judgment rendered for plaintiffs William Neff and L. E. Neff against Josie Edwards et al., on January 7, 1921. The motion of L. E. Neff is based upon the alleged fact that he was never notified of the hearing of the motion to vacate the original judgment. The motion was heard on the 23rd of January, 1923, and overruled, and the order vacating the original judgment permitted to stand. L. E. Neff prosecutes this appeal from the order of the court overruling his motion to vacate the order vacating the original judgment.

The sole and only question raised by this appeal is as to service of notice upon L. E. Neff of the pendency of and hearing upon the motion of Josie Edwards to vacate the judgment rendered in favor of William Neff and L. E. Neff against her and her codefendants on January 7, 1921.

The special appearance and motion to quash the summons and return thereof by Josie Edwards presented the irregularity in taking the judgment against her, that no service of summons was ever had upon her, and the judgment was prematurely entered against her. The proceeding is authorized by subdivision 3, sec. 810, Comp. Stat. 1921. Sec. 811, Comp. Stat. 1921, provides the kind of notice to be had in such proceeding. It provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. * * *"

The notice is to be reasonable and may be served upon the adverse party or his attorney in the action. An examination of this record discloses that in the original cause William Neff and L. E. Neff were coplaintiffs and that Thomas J. Wiley was their attorney; that the notice of hearing was served upon William Neff and Thomas J. Wiley personally. It appears that at about the time of giving the notice and of the hearing upon the motion and special appearance of Josie Edwards, L. E. Neff was not at his usual place of residence, but was, perhaps, out of the jurisdiction of the court. On the hearing of the motion William Neff appeared in person and by attorneys. A response was filed to the motion headed in this language:

"Come now the plaintiffs and for response to the motion to vacate the judgment show * * *"

—and it is signed by counsel as "attorneys for plaintiffs." The question of reasonable notice was raised by this response. The record further discloses that upon the call of Josie Edwards' motion and special appearance for hearing, the court offered to continue the hearing for the plaintiffs if they were not ready to be heard, but they did not take a continuance. The matter was heard and the original judgment vacated.

We think that the notice of the hearing was sufficient since it was served upon L. E. Neff's coplaintiff, William Neff, and upon their attorney of record, Thomas J. Wiley, even if the response did not have the effect of entering the appearance of L. E. Neff as well as William Neff. We also think the notice reasonable, since the court offered to

continue the hearing and plaintiffs declined the opportunity of having more time for preparation by continuing the hearing. The conclusion here reached is in keeping with the statute, and with the holding of this court in Jones v. Gallagher, 64 Okla. 41, 166 Pac. 204, and Co-wok-ochee v. Chapman et al., 76 Okla. 1, 183 Pac. 610.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.