## HUNTER et al. v. NATIONAL BANK OF HASTINGS et al.

No. 12967—Opinion Filed Nov. 3, 1925.

(Syllabus.)

**1. Judgment — Vacation for Unavoidable Casualty—Showing Necessary.**

In a proceeding to vacate a judgment on the ground of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party himself was not guilty of negligence in allowing such judgment to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment.

**2. Appeal and Error—Discretion of Trial Court—Vacation of Judgment.**

Where it does not clearly appear that the trial court abused its discretion, its action in overruling a motion to vacate a judgment will not be disturbed on appeal.

**3. Appeal and Error—Review of Rulings— Lack of Objections Below.**

Where there has been a trial of the cause in the absence of a party, or default judgment rendered, and no objections or exceptions saved, the rulings of the trial court in the trial of said cause cannot be reviewed on appeal.

Appeal from District Court, Cotton County; Cham Jones, Judge.

Action by the National Bank of Hastings against J. D. and Harriett Hunter and others. From order refusing to set aside judgment, the defendants named appeal. Affirmed.

Frank Holaday and Madden & Hubbell, for plaintiffs in error.

Brooks & Powell, for defendant in error National Bank for Hastings.

CLARK, J. This action was commenced in the district court of Cotton county, Okla., by the National Bank of Hastings against Robert S. Bone, Alice M. Bone, J. D. Hunter, and the State Bank of Winfield, Kan.

Plaintiff alleged in its petition that on about the 10th day of December, 1917, Robert S. Bone, joined by his wife, Alice M.

Bone, sold and conveyed 160 acres of land, described in the petition, to the defendant J. D. Hunter; that the defendant J. D. Hunter entered into a contract with this plaintiff by the terms of which the plaintiff loaned the said J. D. Hunter $1,370.75; that the same was evidenced by a promissory note; that by the terms of the contract and agreement between J. D. Hunter and the plaintiff, the general warranty deed, executed and delivered by the defendant Robert S. Bone and wife to the defendant J. D. Hunter, was attached to said note as security to secure the payment of the same, and was intended and treated by the defendant J. D. Hunter and the plaintiff to act as a mortgage upon the premises to secure the payment of said note.

The plaintiff further alleged that said fund was used to pay a part of the purchase price for said premises, and that at the time the negotiation and contract was entered into between the plaintiff and the defendant Hunter, the defendant Robert S. Bone was present and participated in said negotiation and knew of all the details thereof, including the fact that the defendant Hunter was placing said deed with the plaintiff to secure the payment of said note, which was given for the purchase price of said land; that during the latter part of December, 1918, the defendant J. D. Hunter, through the agents of the State Bank of Winfield, Kan., executed and delivered to said bank two mortgages, one in the sum of $2,500, and one in the sum of $500, upon the premises described and involved herein.

The plaintiff further alleged that the said Robert S. Bone and Alice M. Bone and the State Bank, each of whom then and there well knew the plaintiff was holding said original deed as if security and that said original deed was not of record, each entered into a conspiracy, one with another to cheat, wrong, and defraud this plaintiff. The plaintiff further alleged that Robert S. Bone and Alice M. Bone made, executed, and delivered to the defendant J. D. Hunter another warranty deed conveying said premises to the defendant J. D. Hunter, and dated the same back to November 20, 1917, and on December 6, 1918, placed the same of record in Cotton county, Okla.; and that the mortgages from the defendant J. D. Hunter and Harriett Hunter to the defendant State Bank were filed for record December 27, 1918.

Plaintiff further alleged that the State Bank never furnished the money or any part thereof for which it took the mortgages heretofore mentioned. Plaintiff prays for judgment, canceling said mortgages held by the said bank, and for further judgment declaring said deed a mortgage upon said premises in favor of plaintiff, and for the foreclosure of the same.

Thereafter summons was issued and personal service had on the defendants, plaintiffs in error, J. D. Hunter and Harriett Hunter. On the 1st day of January, 1920, judgment was rendered for the plaintiff for the sum prayed for and the foreclosure of said mortgage; judgment was also rendered holding that the State Bank, of Winfield, Kan., had a valid and prior lien to the plaintiff's lien herein. On August 16, 1921, plaintiffs in error, defendants below, J. D. Hunter and Harriett Hunter, filed a motion in said cause praying that said judgment against them be vacated and set aside, and alleged in said motion that said judgment was obtained by fraud of the successful party by reason of false and perjured testimony, and for the grounds that they had no notice whatsoever that the said cause was set for trial on the 1st day of January, 1920. They further alleged in the motion that they were present in court on the 6th day of December, 1919, but were advised in open court by plaintiff's attorney that the cashier of the bank was sick and would be unable to attend court on that day, and that said action would be continued for the term; and that plaintiff called the said action for trial and secured judgment against these defendants without any notice whatsoever. They further alleged that they believed an answer had been filed in their behalf prior to the 6th day of December, 1919, at which time they were present and ready for trial, as aforesaid.

The defendants further alleged that they had no notice of the setting of said cause for trial on the 1st day of January, 1920, and that it would have been impossible for them to have attended court for the purpose of defending plaintiff's suit against them, for the reason that several of their children were very sick with the influenza. Defendants further state that they have a good and valid defense to the petition of plaintiff, as more fully set out in the answer attached to their motion.

Upon a hearing, said motion to vacate and set aside the judgment rendered, was by the court overruled, and the defendants, plaintiffs in error, J. D. Hunter and Harriett Hunter, appealed to this court.

We have carefully examined the record in this cause, and we find that the journal entry recites as follows:

"This cause coming on for trial this the 6th day of December, 1919, and the same being continued by agreement until this the 1st day of January, 1920."

The defendants', plaintiffs in error's motion to set aside the judgment clearly admits that they were in default on the 6th day of December, 1919, not having filed any answer or made any appearance, or in any way challenged the sufficiency of the plaintiff's petition; their motion admits that they were present in court on that day and failed to take any action to defend their cause. The motion of plaintiffs in error to set aside said judgment admits that they were guilty of laches and negligence and did not use due diligence to defend against the suit of plaintiff below. The motion admits they were in default; that they were present in court and that they had failed, or refused, to file any answer or offer any defense to plaintiff's petition. And the court committed no error in overruling their motion to set aside the judgment.

It is the duty of every litigant to use due diligence to defend or prosecute his cause of action, and judgments will not be set aside entered in causes pending in this state just because the defendant failed and refused to defend his suit. From the record in this case we think the trial judge was very considerate of the defendants, as plaintiff would have been entitled to have had these defendants adjudged in default on the 6th day of December, 1919, but the same was not done, and said cause was continued and judgment was rendered against them on the 1st day of January, 1920. The fact that their children were sick and they were unable to attend the trial, set out in their motion, should have been presented in a motion for a continuance, as the same is no grounds for setting aside a judgment.

This is not a general appeal; no exceptions were taken and no motion for a new trial was filed or passed on. The rule is well settled that where there has been a trial of the cause in the absence of a party, or default judgment rendered, and no objections or exceptions saved, the ruling of the trial court in the trial of said cause cannot be reviewed on appeal, unless the questions raised are jurisdictional. The trial court had jurisdiction of the parties and the subject-matter, and the judgment had become final. We, therefore, are of the opinion that the trial court committed no error in overruling plaintiffs in error's motion to vacate said judgment.

The cause is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 314, § 534. (2) 4 C. J. p. 839, § 2834. (3) 3 C. J. p. 876, § 770.