**LESLIE et al. v. SPENCER.**

No. 23978. March 5, 1935.

J. E. Curran and Cheek & Lee, for plaintiffs in error.

Wieck & Armstrong and Dale Heltzel, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. The plaintiff sued the defendants for damages upon a claim that, while plaintiff was in the hospital under treatment by defendant Dr. Wm. Leslie and his nurse, Sylvia Flood, chloroform was negligently spilled on the shoulder and arm of plaintiff, blistering them, causing sores and great suffering, and permanently disfiguring her. Summons dated a day before the petition was filed was issued and served on Sylvia Flood, requiring answer April 24, 1932. An alias summons was issued, upon the failure to serve the original summons on Dr. Leslie, and this was served on him, requiring that he answer on May 4, 1932. No answer was filed by either defendant, and on May 11, 1932, the plaintiff introduced her evidence and took judgment for the sum of $6,000. On May 16, 1932, defendants filed a petition to vacate the judgment, alleging that they were prevented from defending by unavoidable casualty or misfortune. The material allegations of this petition are as follows:

"The defendants herein show that said judgment was obtained by default, and that they, the defendants and each of them, on account of unavoidable casualty or misfortune were prevented from defending the action; that the defendant, William Leslie, is a practicing physician and surgeon and citizen and resident of this county, and in the course of his professional practice is subjected to the likelihood of suits for damages being filed against him, and that for the purpose of protecting himself against loss or claim on account of such, he did, prior to the date November 3, 1931, and prior to the events complained of in plaintiff's petition, procure and had in force a liability insurance policy protecting him against the loss or claim such as is made by plaintiff in this case; that as soon as this action was filed this defendant notified the insurance company at Baltimore, Maryland, and the said insurance company did thereupon refer the matter to its adjuster, one Lloyd J. Mullen, of Oklahoma City, for the purpose of investigating said case and referring it to an attorney for defense.

"Your petitioners say that after he had reported said case to said insurance company he believed that it would employ attorneys and would file a pleading in the case or file an answer, and that it was obligated to defend said action under the terms of his said policy, and that relying upon the same, this defendant believed that an answer had been filed and was uninformed of the fact that he or either defendant was in default of answer.

"That inadvertently, as defendant is informed and believes, the adjuster for said insurance company believed or thought that the case had been referred to the attorneys for said insurance company, Cheek & Lee, of Oklahoma City, and that the matter of fact Cheek & Lee were not informed of the filing or pendency of said action and consequently the defendants became in default.

"Your defendant states that he was not informed or notified and did not know that he was in default or that any trial was to be had or evidence heard in the case."

644

It is further alleged that the defendants had a valid defense to the action, setting it out, and the petition is supported by affidavit. A demurrer was interposed by plaintiff to said petition, and upon its presentation to the court it was taken under advisement until the evidence was heard.

The evidence disclosed that Dr. Leslie carried a policy of insurance to indemnify himself against actions for malpractice. Upon being served with summons in this case he sent the copy served on him to his attorney, J. E. Curran, who resided at Blackwell, with instructions to communicate with the insurance company and request it to make a defense. Sylvia Flood had been served with summons a few days before Dr. Leslie was served, and a copy of the summons served on her and a copy of the petition of plaintiff were also sent to the insurance company. The insurance company sent the summons to an independent adjuster at Oklahoma City, with instructions to the adjuster to make an investigation and place the matter in the hands of Cheek & Lee, general attorneys for the insurance company residing at Oklahoma City. The insurance company wrote to J. E. Curran, acknowledging receipt of the papers sent by him for defendant Sylvia Flood, notifying him that the matter had been placed in the hands of the adjuster, naming him. Upon service being made on Dr. Leslie, J. E. Curran acknowledged receipt of the letter of the insurance company, and sent to it the copy of the summons served on Dr. Leslie. Said attorney sent a copy of this letter to the adjuster. This was not signed, but initialed J. E. C., and the adjuster mistook these initials for J. C. C., the initials of J. C. Cheek, one of the insurance company's attorneys, and the adjuster assumed from this copy of J. E. Curran's letter and by reason of his mistake in the initials, that the insurance company had been in direct communication with its lawyers, Cheek & Lee, and the adjuster did not communicate with them at all. A week or ten days after the summons was served on Dr. Leslie, the adjuster sent a man to Blackwell to make an investigation, and statements were taken from a number of persons concerning the transaction of plaintiff's injury, and these statements were sent by Dr. Leslie to the adjuster. The evidence clearly indicates that these statements taken by the adjuster or by Dr. Leslie were made about April 16 to 18, 1932, that they were sent immediately to the adjuster at Oklahoma City, and were received by the adjuster ten or twelve days before answer

day. The adjuster did not give any of these statements to the attorneys for the insurance company, and he did not communicate to them any information received at Blackwell, and these attorneys knew nothing of the case until they were employed to set aside the judgment.

Besides the evidence seeking to excuse the default of the defendants, much evidence was taken as to the merit of the defense which they offered to file. This evidence concerning the merits of the defense is considered by this court only for the purpose of determining whether the defense offered was valid or feigned. M., K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 P. 226. Under the provisions of section 560, O. S. 1931, the defense offered was a valid defense.

After hearing the evidence, the court overruled the demurrer of plaintiff to the petition of defendants to vacate the judgment, and denied the petition upon condition that the plaintiff would remit the sum of $1,500 of the judgment, and upon a remittitur of this amount being filed by plaintiff, the court entered judgment for the balance of the original judgment. Motion for new trial was made and overruled, exceptions were taken, and this appeal properly perfected.

Applications to set aside default judgments are addressed to the sound discretion of the trial court, and its actions on such applications will not be reversed except upon a clear showing of an abuse of discretion. To this statement of the rule there is no dissent. It is difficult to formulate a general rule for such cases that is applicable to every possible combination of facts. Each case must be decided on its own facts, and the statement of rules found in the decision of each case must be limited by the facts in the case decided; for such rules are made and declared with the facts in that particular case in the mind of the judge writing the opinion. It is said in the fourth paragraph of the syllabus of Lindsey et al. v. Goodman, 57 Okla. 408, 157 P. 344:

"The negligence of the party is no ground for a new trial. The provision of the code is: 'Accident or surprise which ordinary prudence could not have guarded against.' And the negligence of the attorney is the negligence of the party, within the meaning of the subdivision. The attorney is the agent of the party for the purposes of the trial, and the party cannot make his attorney's negligence a ground for relief."

This rule, as to the negligence of an at-

torney being that of his client, is based upon the liability of a principal for the actions and for the negligence of his agent, since the actions and the negligence of agents in the scope of their authority are in law the actions and negligence of their principals. In some cases, however, statements are made that seem to be in conflict with this principle. In Anderson v. Graham, 87 Okla. 278, 210 P. 281, this court said at page 281:

"It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel when it clearly appears that the party himself has not been neglectful and has given proper attention to the litigation."

In order that this statement might not be misconstrued as one of universal application, the court quoted from the case of Peterson v. Koch, 110 Iowa, 19, 81 N. W. 160, as follows:

"The law regards the negligence of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Abstractly speaking this is correct; but if the negligence of the attorney is not such as may be imputed to the client, and is such as to cause unavoidable casualty or misfortune preventing the client from prosecuting or defending, it is ground for new trial."

These parts of the decision in the case of Anderson v. Graham, supra, are quoted with approval in the case of Bearman et al. v. Bracken et al., 112 Okla. 237, 240 P. 713, at page 240, and under the particular facts in those cases it was held that the judgments should be set aside. This was based upon the conclusion of the court in those cases that, if the attorneys were negligent, such negligence was not justly imputed to their clients. The same result was reached in the case of McLaughlin et al. v. Nettleton et al.. 69 Okla. 74, 183 P. 416, in which defendants' attorney in defendants' absence and without cause and without notice to the clients withdrew from the case.

The rule stated in those cases is not in conflict with the general rule that a principal is liable for the actions and for the negligence of his agent. The principal himself may not be neglectful, but if his agent is so, such negligence of the agent must be imputed to the principal. This rule applies to an attorney and to an agent employed to make a defense in a lawsuit, and only in exceptional cases can it be said that the negligence of such attorney or agent is not imputed to the litigant employ-

ing them. McAdoo, Director, v. Wessner, 86 Okla. 85, 206 P. 602; Baker v. Hunt & Co., 66 Okla. 42, 166 P. 891; Hunter v. National Bank of Hastings, 113 Okla. 220, 241 P. 186; Eagle Loan & Inv. Co. v. Turner, 113 Okla. 251, 241 P. 138; Olentine et al. v. Alberty et al., 82 Okla. 9, 198 P. 296; Tidal Oil Co. v. Hudson, 95 Okla. 209, 219 P. 95; Johnson et al. v. Bearden Plumbing & Heating Co., 170 Okla. 63, 38 P. (2d) 500.

In this case the statements taken at Blackwell by the adjuster or by Dr. Leslie were sent to the adjuster at Oklahoma City in order that they might be given to the attorneys for the insurance company. That was the purpose of taking them. The adjuster told Dr. Leslie that Cheek & Lee had been employed to defend in the case, and he promised to turn the statements over to those attorneys. The adjuster had a copy of the summons and knew the date answer was required, and he must have known, as an experienced adjuster, that the attorneys required the knowledge he obtained at Blackwell in order to make a proper answer. The insurer was a corporation, and all the actions, and failures to act of its officers and agents were necessarily the actions, and the failures to act, of the corporation itself. When the defendants notified the insurer that the suit had been filed and sent copy of the summons and a copy of plaintiff's petition to it, and relied upon it to make the necessary defense according to its contract with them, they made the insurer their agent to make defense against the action. When the insurer failed to employ an attorney to make this defense, either directly or through the adjuster, and failed to transmit to the attorneys the information secured at Blackwell, it was inexcusably negligent. The belief of the adjuster that the attorneys for the insurer had been in direct communication with the insurer, however reasonable and justified, was no justification or excuse for not transmitting to these attorneys before answer day the knowledge obtained by his investigation. His failure to make such report to the insurer's attorneys was wholly inexcusable, and constituted negligence for which his employer must be held accountable; and this negligence of the insurer must be imputed to its principals, the defendants. It was purely negligence, and negligence is neither unavoidable casualty nor misfortune, nor ground for relief in equity. "Equity aids the diligent, not those who sleep on their rights."

Whether or not the summons served on

the defendant Sylvia Flood, dated the day before the petition was filed, would confer jurisdiction over the person, need not be decided. The petition to vacate the judgment against her does not raise this question, but she, along with the other defendant, Wm. Leslie, seeks to have the judgment vacated on other than jurisdictional grounds. That this was an entry of general appearance is elementary. Rogers v. McCord-Collins Mercantile Co., 19 Okla. 115, 91 P. 864. It was a waiver of service of summons and of the jurisdiction over the person.

The judgment of the district court is affirmed, and judgment is here rendered for the plaintiff, Mrs. Elizabeth Spencer, against the United States Fidelity & Guaranty Company, the surety on the supersedeas bond of plaintiff in error, for the amount of the judgment in the trial court, with legal interest from its date, and the costs of that court and of this appeal.

The Supreme Court acknowledges the aid of Attorneys D. W. Tracy, E. H. Gipson, and W. E. Wise in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Tracy and concurred in by Mr. Gipson, and dissented to by Mr. Wise, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.