FRANKLIN v. HUNT DRY GOODS CO.

No. 30027.    March 10, 1942.

*123 P. 2d 258.*

Charles Skalnik, of Tulsa, and R. M. Mountcastle, of Muskogee, for plaintiff in error.

Charles P. Gotwals, Wm. A. Killey, and James D. Gibson, all of Muskogee, for defendant in error.

ARNOLD, J. In this case the plaintiff sued the defendant in the district court of Muskogee county for damages for the loss of furs in transit. Summons was regularly served on the defendant. The answer date was correctly fixed as March 7, 1940. No answer was filed nor appearance made within the time required. On March 9, 1940, the defendant being in default, the plaintiff without offering any testimony took a default judgment for the amount sued for. On March 12th the plaintiff, conceiving its judgment to be irregular, orally moved the court to set aside the default judgment entered on March 9th. This was done immediately. The plaintiff gave testimony in support of its petition and a default judgment was re-entered. On March 15th (within three days) the defendant filed a motion for new trial asking that the judgment be vacated for the principal reason that the last default judgment was void because the first default judgment was vacated without notice and in fact still existed. He also alleged accident or surprise and that the first default judgment entered on March 9th was merely irregular.

The parties will be referred to herein as they appeared in the trial court.

Section 556, O. S. 1931, 12 Okla. St. Ann. § 1031, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made."

Subdivision 3 thereof provides:

"For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

Section 557, O. S. 1931, 12 Okla. St. Ann. § 1032, provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

Under the above-quoted provisions the defendant would be entitled to "reasonable notice" of the application to set aside the first default judgment in question if he were an adverse party. The first default judgment taken, whether irregular, void, or voidable, was set aside. As soon as this was done,

if no notice were required, there was no judgment of any kind or character against the defendant. He was still in default; he was likewise in default when the first judgment, which is now wiped out, was taken against him. No one can possibly be adverse to having a judgment against him entirely vacated. He is in better position without any judgment against him than he was theretofore with a faulty judgment against him, assuming that the judgment was irregular. Reasonable notice is required under section 1032, supra, so that an adverse party may have an opportunity to protect his interest in the judgment to be vacated. The greatest interest that the judgment debtor could have would be the complete elimination or vacation of the judgment against him. That was accomplished in this case on motion of the judgment creditor himself. If the judgment debtor had been the moving party, he could have accomplished no more in his own behalf than the judgment creditor accomplished for him. The law does not require the doing of a useless or purposeless act. This is the reason why the Legislature inserted the words "adverse party." It would serve no useful purpose to give notice to one whose interest could not possibly be adverse to the result to be accomplished. This provision of the statute is for the purpose of protecting one's adverse interest. So if the first default judgment were regularly and properly vacated, the defendant is still in default. The only question remaining is, Was the second judgment which was taken by default, disregarding the vacating of the first default judgment, regular and valid, and if valid, did the court abuse its discretion in refusing to grant a new trial?

As to his contention that he was entitled to notice of the application to vacate the original default judgment, defendant relies on such cases as Hawkins v. Hawkins, 52 Okla. 786, 153 P. 844; Lewis v. Ward, 101 Okla. 146, 223 P. 839; Neff v. Edwards, 99 Okla. 176, 226 P. 358. In this connection the plaintiff cited the following cases: Todd v. Orr, 44 Okla. 459, 145 P. 393; Hart v. Howell, 184 Okla. 146, 85 P. 2d 401; Montague v. State, 184 Okla. 574, 89 P. 2d 283. It will be noted that in each of these cases there was an adverse party and either notice was given or the parties present in court. This is also true in the following cases: Stark Bros. v. Glaser et al., 19 Okla. 502, 91 P. 1040; Hogan et al. v. Bailey, 27 Okla. 15, 110 P. 890; Welborn et al. v. Whitney et al., 179 Okla. 420, 65 P. 2d 971.

We have never held that such a party as defendant is an adverse party to procedure to vacate a judgment against him. He therefore was not entitled to notice, and the default judgment entered on the 9th day of March, 1940, was properly set aside.

The contention of the plaintiff that no notice would be necessary even though defendant were an adverse party, the motion to vacate having been sustained during the term, is incorrect. If the defendant had been an adverse party, he would have been entitled to reasonable notice under the statute, supra, even though the term had not expired. Note, in this connection, that the judgment in question was not set aside on the court's own motion.

The judgment thereafter entered on March 12th against the defendant by default was regular in every respect. Treating the defendant's motion for new trial, filed within three days after the rendition of the second judgment by default, for the purposes of this case as a motion to vacate the first and second judgments by default within term, we come to a consideration of whether the court abused its discretion in refusing to set them or either of them aside on the ground of accident or surprise. The facts on the question of accident or surprise disclosed by the record are: That immediately upon service of summons defendant delivered same, together with all papers in connection with plaintiff's claim, to the Universal Car Loading Company; that he was advised that it would defend the suit by reason of the fact that the furs were lost after

the defendant had delivered same to it; that on March 5, 1940, two days before the answer day, the summons, together with all other papers, was returned to defendant by said company with a written statement advising him that it was not liable, and that he would have to defend the action; that on the 6th day of March, 1940, defendant took all papers to the Tulsa office of his insurance company; that the office manager thereof, in his presence, called Mr. Halleck, an adjuster at Muskogee, and asked him to see the attorneys for the plaintiff and request an extension of ten days within which to answer; that the office manager then advised him that the matter would be taken care of and that he could forget about it; that the adjuster, Halleck, was not a lawyer; that the adjuster did not see the attorneys for the plaintiff until the morning of March 9th, at which time he was advised by plaintiff's attorneys that default judgment had been taken and that there was nothing they could do about it; no conversation or agreement was had with the plaintiff or its attorneys with reference to the matter prior to the first default judgment; that on March 14, 1940, Mr. Mountcastle, an attorney representing a prospective purchaser of a part of defendant's freight line running from Muskogee to Tulsa, called the defendant at his Tulsa office and advised him that a default judgment had been taken.

Section 398, O. S. 1931, 12 Okla. St. Ann. § 651, in part, is as follows:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party."

Subdivision 3 thereof reads as follows:

"Accident or surprise, which ordinary prudence could not have guarded against."

In Lindsey et al. v. Goodman, 57 Okla. 408, 157 P. 344, we held as follows:

"The negligence of the party is no ground for a new trial. The provision of the Code is: 'Accident or surprise which ordinary prudence could not have guarded against.' And the negligence of the attorney is the negligence of the party, within the meaning of the subdivision. The attorney is the agent of the party for the purposes of the trial, and the party cannot make his attorney's negligence a ground for relief."

In this connection see Leslie et al. v. Spencer, 170 Okla. 642, 42 P. 2d 119.

Thus, it is apparent that the negligence of the party or his agents is no ground for a new trial. Such a party cannot ignore the direct demands to appear and then claim accident or surprise. In Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 P. 464, L. R. A. 1917C, 1190, we said:

"The danger of default is the only guaranty of punctuality in litigants and orderliness in court procedure; and anything less than strictness in the rule of this court in vacating such judgments would undermine trial procedure, and be subversive of public policy."

The application in the case at bar was addressed to the sound discretion of the trial court, and its action on the application or motion will not be reversed except on a clear showing of an abuse of discretion. Lindsey v. Goodman, supra; Board of Commissioners of Oklahoma County v. Barber Asphalt Paving Co., 83 Okla. 54, 200 P. 990; Mid-Texas Petroleum Co. v. Western Lumber & Hardware Co., 175 Okla. 260, 52 P. 2d 15.

We hold that the court did not err in refusing to grant a new trial or to vacate and set aside the default judgment in the case at bar, and its action and order thereon is hereby affirmed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and HURST, JJ., concur. WELCH, C. J., dissents. OSBORN and DAVISON, JJ., absent.