Carroll SMITH, Appellant,

v.

Wayne PIERCE, Appellee.

No. 78432.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 10, 1992.

## OPINION

HUNTER, Judge:

Appellant filed a quiet title action claiming she owned, by virtue of adverse possession, a 2' strip of land running beside her driveway for about 51 feet. Appellee contended Appellant's 15 years of holding the affected real estate openly, visibly, continuously, exclusively and with a claim of ownership had not run before he claimed ownership. The matter was tried to the court which found for Appellee. Appellant filed a motion for new trial which the court denied. We find the court erred as a matter of law. We reverse the order denying new trial and remand the matter for a new trial consistent with this opinion.

### Facts

Appellant rented and lived in the premises found in lots 3 and 4 of an Oklahoma City addition, beginning in 1965. On April 12, 1975, Appellant bought the property and has lived there ever since. Appellant testified that she believed the property line extended 2' east of her driveway, and that while she was a renter, she laid gravel and chat in that 2' strip to make getting in and out of the car easier. She laid concrete on the 2' strip, beginning in 1985. She always mowed the area east of the 2' strip.

The Gordons bought lots 1 and 2 in 1971, which they conveyed, by warranty deed, to Appellee on March 30, 1990. Lots 2 and 3 are contiguous. Appellee's lawyer wrote a letter to Appellant, dated May 3, 1990, demanding she remove the encroachment or he would take legal action. Appellee testified he put Appellant on notice of his claim of ownership by April 3, 1990. On May 26, 1990, Appellee tore out Appellant's concrete which had been laid in the 2' strip.

In denying the motion for new trial, the court found Appellant was not entitled to tack the possession of her grantor to that of her own for the period during which she was a renter; the law requires minimum 15 years holding of the real estate openly and notoriously by the party claiming ownership through adverse possession and Appellee acted sufficiently positively and affirmatively to toll the 15 years limitation period.

### Standard of Review

The purpose of a new trial is to allow the court to correct its own errors. *Conyers v. Conyers*, 386 P.2d 633 (Okl.

1963). We will not disturb the court's order denying new trial unless the court has abused its discretion when it denied the motion. *Franklin v. Hunt Dry Goods Co.*, 190 Okl. 296, 123 P.2d 258 (1942). When the court's order is based on a reason contrary to the law to be applied, the court has abused its discretion and committed reversible error. A new trial should be granted when a decision is contrary to law. 12 O.S.1991 § 651.

### Findings on Review

 A renter, who openly, actually, notoriously exclusively and hostilely uses some real estate outside her plat, and, without break in her occupancy, then purchases the premises she had been renting, and continues to openly, actually, notoriously, exclusively and hostilely use the real estate outside her property description, may acquire that part by adverse possession. Further, she may tack her years of renting the property to her subsequent years of property ownership to reach the required 15 consecutive years of adverse possession.

Renter's landlord possesses the affected real estate through renter's occupancy of that piece of real estate. *Christ Church Pentecostal v. Richterberg*, 334 F.2d 869 (10th Cir.1964), interpreting Oklahoma law. When an adverse occupant is succeeded by another adverse occupant, and there is privity of possession without break in the continuity of possession, the latter may tack the possession of her predecessor to her own to make a continuous 15 year adverse possession. Continuity of possession is established when the true owner cannot constructively intervene to possess. *Harris v. Grayson*, 146 Okl. 291, 294 P. 187 (1930). It does not matter that the adverse possessor believed the affected real property was within her boundaries. *Macias v. Guymon Industrial Foundation*, 595 P.2d 430 (Okl.1979).

The court erred as a matter of law when it found, in denying the motion for new trial, that Appellant was not entitled to tack the possession of her grantor, during the time she was a renter, to that of her own.

Because we find this error fundamentally affected the rights of the parties, we do not address the issue concerning whether Appellee's actions were sufficient to toll the statutory period for adverse possession. A new trial, consistent with this opinion, is proper to allow the parties to establish the facts of whether there was a 15 year continuous period of adverse possession and, if so, whether true owner successfully intervened to toll the limitation period.

REVERSED AND REMANDED FOR NEW TRIAL.

BAILEY, P.J., concurs.

HANSEN, V.C.J., dissents.