## FAIR DEPARTMENT STORE v. DALLAS JOBBING HOUSE.

No. 25086. June 4, 1935.

Lucien B. Wright, for plaintiff in error.

Thos. S. Harris, for defendant in error.

PER CURIAM. Plaintiff in error was sued by defendant in error in the trial court upon a duly verified itemized account for the sum of $400, with interest at the rate of 6 per cent. per annum from May 11, 1930. The parties hereafter will be designated as they were in the trial court. The petition was filed in the district court of Creek county on the 16th day of December, 1932. On the 9th day of March, 1933, judgment was rendered against the defendant for the amount sued for.

On the 7th day of April, 1933, the defendant filed its motion to vacate the default judgment rendered against it on the 9th day of March, 1932, alleging:

"That on January 9, 1933, within the time to plead, defendant filed its motion to quash the purported summons issued herein.

"That neither the defendant nor its attorney, Lucien B. Wright, were advised that said motion had been overruled, although the office of the plaintiff is diagonally across the street from that of defendant.

"That defendant did not know that a judgment had been rendered herein until called by the sheriff on this date, April 7, 1933, and advised by him that an execution had been issued.

"That defendant has a meritorious defense to part of the claim of plaintiff and is entitled to a jury trial; that unless said judgment be vacated, it will suffer irreparable loss."

On the 15th day of April, 1933, the motion to vacate was overruled by the court.

The motion to vacate alleges that a motion to quash the summons was duly filed by the defendant, but the record fails to disclose such motion.

Defendant relies upon two propositions: (1) That it did not know about the rendition of the judgment; and (2) that it had a meritorious defense to a part of the action.

In Tracy et al. v. State ex rel. Fancher, Co. Atty., 60 Okla. 109, 159 P. 496, this court held:

"It is not sufficient ground upon which to vacate a judgment that neither defendant nor his attorney of record was notified of the time the case was set for trial."

In the same case the court held:

"It is a condition precedent to entitle one to have the judgment vacated that the party applying therefor must, if the defendant, set up in such motion or petition a valid defense against the judgment rendered, and in a motion or petition which seeks to vacate a judgment, an averment that the defendant has a good defense * * * is not sufficient."

In numerous cases this court has held that an application to vacate or modify a judgment is addressed to the discretion of the court.

A careful examination of the record in this case fails to disclose any reason to vacate the judgment. Clearly there was no abuse of discretion by the trial court, and the judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys H. P. Hosey, Tom Finney, and Geo. T. Arnett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hosey and approved by Mr. Finney and Mr. Arnett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.