LEGISLATIVE CLASSIFICATIONS — CONSTITUTIONAL The Legislature may make classifications for legislative purposes when those classifications conform to constitutional guidelines and from the information herein presented, Title 26 O.S. 103.1 [26-103.1] (1971), et seq., 26 O.S. 101 [26-101], et seq., and 26 O.S. 102.1 [26-102.1], et seq. are consistent with those requirements and therefore constitutional. The Attorney General has received your opinion request wherein you asked, in effect, the following question: "Are portions of 26 O.S. 103.1 [26-103.1] et seq., 26 O.S. 101 [26-101] et seq. and 26 O.S. 102.1 [26-102.1] (19710 et seq., unconstitutional as special laws?" Title 26 O.S. 101 [26-101] et seq., 102.1 et seq., and 103.1 et seq., set forth the registration procedures for counties of the State of Oklahoma based upon population differences in those respective counties. Section 101 pertains to the redistricting and re-registration of counties of 200,000 to 400,000 population. This section provides: "The county election board of any county in Oklahoma, having a population over 200,000 and less than 400,000, according to the last Federal Decennial Census, or succeeding Federal Decennial Census, is hereby authorized and directed to provide for a general re-registration of electors and a general redistricting of such county into voting precincts subject to the provisions of the following Sections of this Chapter." Section 26 O.S. 102.1 [26-102.1] pertains to the redistricting and re-registration of counties of 60,000 to 90,000 population. This section provides: "The county election board of an county in Oklahoma, having a population of not less than sixty thousand (60,000) and not more than ninety thousand (90,000), according to the last Federal Decennial Census or succeeding Federal Decennial Census, is hereby authorized and directed to provide for a general reregistration of electors in a general redistricting of such county into voting precincts subject to the provisions of this act." Section 26 O.S. 103.1 [26-103.1] pertains to counties with population exceeding 400,000. This section provides: "The provisions of 26 O.S. 103.2 [26-103.2] — 26 O.S. 103.22 [26-103.22] (1961), inclusive, as amended, relating to registration for elections, shall be applicable to all counties of the State of Oklahoma having a population of more than four hundred thousand according to the 1960 Federal Decennial Census, or any succeeding Federal Decennial Census." Article V, Section 46 sets forth the specific limitations on the power of the Legislature to enact "special" laws. Section 46 provides in pertinent part: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws authorizing: . . . ." The general rule of statutory construction concerning the determination whether a law is general in its application, and therefore, a valid legislative exercise, or one special in nature as invalid as contravening Article V, Section 46 of the Oklahoma Constitution, Section 46, is discussed in Tulsa Exposition and Fair Corporation v. Board of County Commissioners of Tulsa County, 468 P.2d 501
(1970). Of pertinent application to this question, the Court stated: "In order for a law to be general in its nature and have uniform operation, it is not necessary that it shall operate upon every person in every locality in the State. In law it may be general and have local application or apply to a designated class if it operates equally upon all subjects within the class for which it was adopted. But, where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation. As between the persons and places included in the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be recently founded and that furnished a practical and real basis for discrimination." It follows that the determination of whether legislation is special in nature and thus, unconstitutional, is dependent upon whether the classification upon which such legislation is founded, is not arbitrary or capricious and is founded upon a real and substantial basis, with a reasonable relationship to the subject matter calling for the legislation. The determinative issue therefore, is whether a classification based upon differences in population size among counties comports with constitutional guidelines. Citing the first syllabus of Gordon Haas v. Holloman, Old., 327 F.2d 655
(1958), the Court said: "The Legislature may classify the counties and cities of this State on a basis of population for legislative purposes, when the classification is not arbitrary and capricious, but is founded upon real and substantial distinctions and the question of population bears some reasonable rational relation to the subject matter. Key County Election Board of Oklahoma County v. Donnell, 107 Okla. 159, 231 P. 546." As to the constitutionality of legislation, the general rule is that as expressed in the case of School District No. 25 of Woods County v. Hodge, 183 P.2d 575 (198 Okl. 181), wherein the Court stated: "Where constitutionality of an act of the Legislature is in question, all reasonable doubt will be resolved in favor of the questioned authority and the act will be declared constitutional unless it can be clearly demonstrated that the Legislature did not have the power or authority exercised or that authority was exercised arbitrarily and capriciously, for instance as to classification or delegation of authority to the prejudice of the rights of some of the citizens." Also in Pyette v. Board of Regents of University of Oklahoma, 102 F. Supp. 407, affirmed, 72 S.Ct. 567,342 U.S. 936, 96 L.Ed. 696, wherein the Court stated: ". . . a classification having some reasonable basis does not offend against that clause merely because it is not made within mathematically nicety, or because in practice it results in some inequality. When the classification in such a law is called in question, if any state of facts recently can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. . ." It is clear from the above quoted cases that the Legislature may, within constitutional guidelines, enact general laws, the subject matter of which is premised upon a classification that is based upon population differences among counties of the State. It is also clear that the presumption of constitutional validity extends to the basis of the rationale behind such classification and the burden to prove such infirmity lies within the party asserting the same. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: The Legislature may make classifications for legislative purposes when those classifications conform to constitutional guidelines and that from the information herein presented, Title 26 O.S. 103.1 [26-103.1] et seq., 101 et seq., and 102.1 et seq. are consistent with those requirements and therefore constitutional. (Robert H. Mitchell)